## Commonwealth *v.* Mouzon, Appellant.

Argued January 21, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Jack J. Levine,* for appellant.

*James Garrett,* Assistant District Attorney, with him *James T. Ranney* and *David Richman,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 23, 1974:

Appellant, Joseph Mouzon, was tried by a judge and jury and found guilty of murder in the first degree. Post-trial motions were denied and appellant was sentenced to life imprisonment. This appeal followed.

The Commonwealth's theory was that the murder was the product of local gang activity. At trial, two witnesses, Gregory Terrell and Michael Ray Doe, both of whom had originally been questioned by the police about their possible involvement in the murder, testified that they saw appellant beat the victim with a radio antenna. Appellant testified, on his own behalf, that he was not involved and that both Terrell and Doe were involved in the murder. Both Terrell and Doe admitted on cross-examination that they lied to the police when they were originally questioned and Terrell also admitted that although he did not implicate appellant in his original oral statement to the police, he changed his mind and implicated appellant after the police told him

that appellant had implicated him. Appellant first argues that the court committed error when it refused to give the following request for charge concerning the testimony of Terrell and Doe: "2. If you believe that either Gregory Terrell or Michael Raydoe [sic] are accomplices of the persons actually committing the crime, you should understand that while the law permits a conviction upon the uncorroborated testimony of an accomplice, it looks with disfavor upon this character of proof because its source is corrupt and the jury should ordinary [sic] not rely on such testimony unless corroboration is present and therefore before you accept testimony of this character, you must scrutinize it carefully and critically. Comm. v. Beck, 137 Superior Ct. 410 [sic]."

The court denied the request, apparently taking the position that it was clear that the two witnesses were not accomplices. We are not convinced, particularly since Terrell admitted he was present when "the gang members stated that they wanted to find white boys to fight."

As we said in *Commonwealth v. Sisak,* 436 Pa. 262, 259 A. 2d 428 (1969) : "When the facts with respect to the participation of a witness in the crime for which the defendant is on trial are clear and undisputed, it is for the court to determine whether or not he was an accomplice, but where the facts are in dispute, or different inferences might reasonably be drawn therefrom, the question whether or not a witness was an accomplice is for the jury." At page 267.

The Commonwealth argues that the instant case is controlled by *Commonwealth v. Scoggins,* 451 Pa. 472, 304 A. 2d 102 (1973). In *Scoggins,* the alleged error was the trial court's refusal to rule as a matter of law that a witness was an accomplice. This is not the situation in the present case. Appellant only sought to have the jury pass upon the question of whether the wit-

nesses were accomplices before deciding what weight to give to their testimony.

While the point for charge submitted by appellant may not have been perfectly correct, the Commonwealth concedes that if, in fact, appellant was entitled to a charge on the weight to be given an accomplice's testimony, the court was under a duty to remold the charge to read properly. *Commonwealth v. Sisak, supra.* The court's failure to do so constitutes reversible error.

Appellant also alleges that the trial court erred in its charge relating to identification testimony, since the testimony of two witnesses, Officer Orem and Michael Ray Doe, described the lighting conditions as "poor" at the time of the crime. The court gave the following charge:

"Where the opportunity for positive identification is good and the witness is positive in his identification and his identification is not weakened by prior failure to identify, but remains, ever [*sic*] after cross-examination, positive and unqualified, the testimony as to identification may be treated as a statement of a fact.

"Now, remember, too, a weak identification, together with other evidence in the case, may be sufficient to convince a jury of the defendant's guilt beyond a reasonable doubt."

Appellant's counsel objected, complaining that the charge failed to include the cautionary instruction mandated by *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A. 2d 820 (1954), where, after saying, as did the trial court in the instant case, that "where the opportunity for positive identification is good . . . [identification] testimony need not be received with caution . . . [but] may be treated as fact . . . ," we went on to say: "On the other hand, where the witness is not in a position to clearly observe the assailant, or he is not positive as to identity, or his positive statements as to identity are

234

weakened by qualification or by failure to identify defendant on one or more prior occasions, the accuracy of the identification is so doubtful that the Court should warn the jury that the testimony as to identity must be received with caution." See also *Commonwealth v. Pitts*, 450 Pa. 359, 301 A. 2d 646 (1973).

Appellant is correct. Since there was evidence upon which the jury could find that the lighting was poor, he was entitled to the cautionary instruction.

Judgment of sentence reversed and case remanded to the Court of Common Pleas, Criminal Trial Division, of Philadelphia for new trial.