388 A.2d 703

**COMMONWEALTH of Pennsylvania**

**v.**

**Lois June FARQUHARSON, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1977.

Decided July 14, 1978.

---

* This is the only reason asserted in support of the request for post conviction relief.

Joseph Alessandroni, Jr., Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., Alan M. Herman, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

PER CURIAM.

This case was originally before this Court on direct appeal at which time we affirmed appellant's convictions of murder of the first degree and conspiracy. *Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545 (1976). This is an appeal from the Post Conviction Hearing Act court's denial of appellant's request for a new trial based on a Commonwealth witness's recantation testimony. We find no abuse of discretion in the lower court's refusal to believe the

recantation testimony and, therefore, affirm that court's order denying a new trial.

Order affirmed.

PACKEL, J., did not participate in the decision of this case.

MANDERINO, J., filed a dissenting opinion, in which ROBERTS, J., joined.

MANDERINO, Justice, dissenting.

I dissent today just as I dissented to this Court's affirmance of the judgment of sentence imposed upon appellant. *Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545 (1976) (dissenting opinion of Manderino, J., joined by Roberts J.). In that dissenting opinion, I said in part, that the judgment of sentence should be reversed because in finding appellant guilty of murder, the jury relied upon the unreliable and uncorroborated testimony of an alleged accomplice, Gloria Burnette, who testified for the prosecution at appellant's trial. The testimony regarding the homicide for which appellant was convicted are detailed in this Court's opinion affirming the judgment of sentence, and need not be repeated here. *See* 467 Pa. at 54–57, 354 A.2d at 547–548.

Appellant challenged the reliability of Burnette's trial testimony in her direct appeal. Addressing that challenge, the majority stated, in part,

"We quite agree with appellant that there are many factors that would cause one to look upon the testimony of Gloria Burnette with a jaundiced eye. First, under the theory of the Commonwealth, she was the actual perpetrator of the crime and appellant was the accomplice. Where parties in crime testify against each other, their testimony must be recognized as coming from a corrupt source and therefore must be subject to the closest scrutiny. *Commonwealth v. Mouzon,* 456 Pa. 230, 318 A.2d 703 (1974); *Commonwealth v. Turner,* 367 Pa. 403, 80 A.2d 708 (1951); See generally *Commonwealth v. Coades,* 454 Pa. 448, 311 A.2d 896 (1973).

Next, the interest of the witness was obvious. When Ms. Burnette was called upon to testify in this trial, she had previously entered a plea of guilty to murder generally but the degree of guilt had not been determined nor had the sentence been imposed. The history of emotional and mental disturbance experienced by this witness, coupled with her belated implication of appellant, casts additional doubt as to the reliability of the accusations eventually made against Dr. Farquharson.[6] The evidence of

[6] For a period of one and one-half years after her incarceration, Ms. Burnette persisted in her refusal to implicate Dr. Farquharson. During this period, there were many conferences and Commonwealth officials seeking to ascertain the involvement of the appellant.

unrequited love and consuming jealously lends added support to appellant's position.[7]

[7] While Gloria was incarcerated, there was apparently a diminution in appellant's ardor and interest. When Dr. Farquharson did visit, she was accompanied by persons with whom she was then apparently having a romantic episode. Appellant stresses this as a possible motive for the witness, Burnette, to lie to appellant's involvement.

467 Pa. at 61–62, 354 A.2d at 551.

Thus, as the majority correctly noted, ". . . the testimony of Gloria Burnette was crucial to the Commonwealth's case in that it was the *only* direct evidence establishing Dr. Farquharson's participation in the conspiratorial design upon which liability is predicated . . .." *Id.* 467 Pa. at 62, 354 A.2d at 551 (emphasis added; footnote omitted). Gloria Burnette has now recanted and has testified that her trial testimony implicating appellant was false.

In *Commonwealth v. Mosteller,* 446 Pa. 83, 284 A.2d 786 (1971), we reversed the trial court's denial of a motion for new trial based on recanted evidence of a prosecution witness when the witness' ". . . testimony at trial was the sole evidence upon which the Commonwealth depended to support the indictments . . .." *Id.* 446 Pa. at 86, 284 A.2d at 786. In *Mosteller,* the Court expressed its concern over the fact that appellant's conviction rested completely on testimony the reliability of which was open to serious question. In this case, the reliability of Burnette's trial

testimony was open to serious question, as recognized by the majority opinion affirming the judgment of sentence, even at the time it was given. It is true, we have said that "[r]ecanting testimony is exceedingly unreliable . . . ." *Id.* 446 Pa. at 89, 284 A.2d at 788. Nevertheless, justice now demands that a new trial be awarded so that a jury can decide appellant's guilt or innocence based on *all* of Burnette's testimony concerning the homicide, unreliable though it may be.

ROBERTS, J., joins in this dissenting opinion.