410 A.2d 810

COMMONWEALTH of Pennsylvania,

v.

Ronald UPSHUR, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 12, 1979.

Decided Feb. 5, 1980.

28

Warren R. Hamilton, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Ann C. Lebowitz, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION

ROBERTS, Justice.

On April 8, 1975, appellant Ronald Upshur was convicted by a jury of murder of the first degree, robbery, and

conspiracy. The court sentenced him to consecutive prison terms of life and twenty-five to fifty years. On direct appeal,[1] appellant seeks relief on the ground, inter alia, that the trial court improperly refused trial counsel's request for an "accomplice" charge, and that trial counsel's subsequent failure to challenge this ruling in written post-verdict motions constitutes ineffective assistance of counsel. We agree, vacate the judgments of sentence, and grant a new trial.

## I

On April 15, 1975 trial counsel filed timely post-verdict motions averring in boiler plate fashion that the verdicts were unsupported by the evidence and contrary to law. At post-verdict argument, however, trial counsel briefed and argued numerous other issues. The court en banc held that the issues raised by written post-verdict motions lacked merit, and that the other issues had been waived because they were not filed in written post-verdict motions pursuant to Pa.R.Crim.P. 1123.[2] See *Commonwealth v. Carrillo*, 483 Pa. 215, 395 A.2d 570 (1978) (post-verdict court properly exercises discretion by refusing to address issues not presented in written post-verdict motions).

■ Appellant, through new counsel, now contends that trial counsel was ineffective for failing to include these other issues in post-verdict motions, and that this Court

1. Appellant took this direct appeal from his conviction for felonious homicide under the Appellate Court Jurisdiction Act, July 31, 1970, P.L. 673, art. II § 202(1), formerly 17 P.S. § 211.202(1), replaced by 42 Pa.C.S.A. § 722. The Superior Court transferred appellant's appeal of the conspiracy and robbery convictions to this Court under the Appellate Court Jurisdiction Act, July 31, 1970, P.L. 673, art. V § 503, formerly 17 P.S. § 211.503, replaced by 42 Pa.C.S.A. § 705.

2. Pa.R.Crim.P. 1123 (effective July 23, 1973) provides in relevant part:
 "[O]nly those issues raised and the grounds relied upon in the [post-verdict] motions may be argued."

should therefore consider these other issues.[3] We must resolve the ineffectiveness claim by determining whether "the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967); see generally *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

■ Here trial counsel, after filing boiler plate motions, briefed and argued before the post-verdict court issues not contained in the written post-verdict motions. It must be assumed that, in counsel's view, judicial consideration of these issues would advance his client's interests. In such circumstances, there can be no reasonable basis for the failure to raise issues in accordance with Pa.R.Crim.P. 1123. The interests of his client are in no way advanced by raising issues in an impermissible manner. Cf. *Commonwealth v. Von Smith*, 486 Pa. 564, 406 A.2d 1034 (1979) (untimely motion for severance cannot be predicated on any reasonable trial strategy). Since appellant's trial counsel failed to include in post-verdict motions the issues he thereafter wished to be considered by the court, appellant was denied effective representation. Accordingly, we consider the issues ineffective trial counsel failed to preserve properly.

## II

Of the issues now properly before this Court, we need address only one. Malcolm McLaughlin testified for the Commonwealth that he heard appellant on two occasions admit to robbing and killing Alvin Smultkis. On the basis of other evidence adduced at trial, appellant's trial counsel contended that McLaughlin was an "accomplice," and requested the court to instruct the jury on the weight to be accorded "accomplice" testimony. The court refused this charge. Appellant here urges that the court's refusal constitutes reversible error. We agree.

**3.** Appellant also appeals the post-verdict court's finding that the verdict is supported by the evidence. This claim is meritless.

32

 Testimony of a witness who is an accomplice in the crime charged and testifies for the prosecution "is to be carefully scrutinized and accepted with caution." *Commonwealth v. Sisak*, 436 Pa. 262, 265, 259 A.2d 428, 430 (1969); see *Commonwealth v. Mouzon*, 456 Pa. 230, 318 A.2d 703 (1974); *Commonwealth v. Coades*, 454 Pa. 448, 311 A.2d 896 (1973); see generally 3A Wigmore on Evidence § 967 (Chadbourn rev.); Pennsylvania Standard Jury Instructions—Criminal §§ 4.01–.03 (May 15, 1972 Draft). The rationale of this view is that "[s]uch a witness, out of a reasonable expectation of leniency, has an interest in inculpating others." *Commonwealth v. Russell*, 477 Pa. 147, 153, 383 A.2d 866, 868 (1978); see generally *Cool v. United States*, 409 U.S. 100, 103, 93 S.Ct. 354, 357, 34 L.Ed.2d 335 (1972); *Commonwealth v. Turner*, 367 Pa. 403, 409–410, 80 A.2d 708, 712 (1951). An accomplice charge is necessitated not only when the evidence requires an inference that the witness was an accomplice, but also when it permits that inference. *Commonwealth v. Sisak*, supra, 436 Pa. at 268, 259 A.2d at 431.

 Whether evidence in this case permits an inference that McLaughlin was an accomplice is controlled by our decision in *Commonwealth v. Thomas*, 479 Pa. 34, 387 A.2d 820 (1978). *Thomas* arose from the same criminal incident as this case, and presented, as here, the issue whether Curtis Thomas, appellant Upshur's codefendant, was entitled to an accomplice charge. The evidence at Thomas's trial indicated that Thomas and two Commonwealth witnesses, McLaughlin and Smith, were members of Black Brothers Incorporated. This organization operated for the purpose of conducting criminal activity, and owned a gun available to its members for use in obtaining illegal "profits" to be shared by all. Nonetheless, the trial court, as here, refused a requested accomplice instruction. This Court reversed. We held such "evidence . . . permits the inference that the witnesses McLaughlin and Smith were participants in a conspiracy to commit robberies and other illegal acts in order to financially support . . . " Black Brothers Incorporated, *id.*, 479 Pa.

at 38, 387 A.2d at 822, and thus concluded that Thomas was entitled to an accomplice charge.

The Commonwealth fails to persuade us that on this issue the facts in *Thomas* are distinguishable from those in the instant case. The evidence adduced at appellant Upshur's trial demonstrates that McLaughlin and appellant were members of Black Brothers Incorporated, and that shortly after the robbery and killing of Smultkis appellant in disguise entered a meeting of Black Brothers Incorporated at which McLaughlin was present and announced his crime. Later that day appellant entrusted to McLaughlin the weapon he used in this criminal incident—a weapon owned by Black Brothers Incorporated.[4]

As in *Thomas*, the facts here permit an inference that McLaughlin, as a member of Black Brothers Incorporated, participated in a conspiracy with appellant to rob and kill Alvin Smultkis. Here, as in *Thomas*, we hold that the trial court erroneously refused trial counsel's request for an accomplice charge.

Judgments of sentence vacated and new trial granted.

MANDERINO, J., did not participate in the decision of this case.

NIX, J., joins this opinion and files a concurring opinion.

O'BRIEN, J., concurs in the result.

LARSEN, J., files a dissenting opinion, in which FLAHERTY, J., joins.

NIX, Justice, concurring.

Frequently, where the allegation is ineffectiveness of prior counsel in preserving an issue, and it is determined that counsel's omission did in fact constitute ineffective assistance, the record is inadequate to reach the merits of the question that was not properly preserved. In such cases it is

---

**4.** In addition to this evidence, trial counsel by cross-examination of McLaughlin sought to establish the nature of Black Brothers Incorporated's activities, as was done in *Thomas*. Upon Commonwealth objections, however, the trial court refused to permit this line of questioning.

appropriate to remand for the purpose of developing a more suitable record to resolve the underlying dispute. However, where as here, the facts necessary to decide the question are before the reviewing court, there is no reason to postpone its resolution, as suggested by the dissent. Since I also agree with the majority's treatment of the merits, I join in the opinion.

LARSEN, Justice, dissenting.

I dissent. The majority states: "Accordingly, we consider the issues ineffective trial counsel failed to preserve properly. Of the issues now properly before this Court, we need address only one [the refusal of the trial court to instruct on 'accomplice' testimony]." In proceeding to address the merits of this issue, the majority ignores the often-pronounced mandates of this Court that an appellate court may not reach the merits of issues not preserved for appeal.

This was made clear by Justice Pomeroy, speaking for a majority of this Court in *Commonwealth v. Hubbard*, 472 Pa. 259, 279 n.8, 372 A.2d 687, 696 n.8 (1977) which held:

It is well-settled that, as a rule, issues not raised by way of post-trial motions *will not be considered on appeal.* (cites omitted) . . . Attacks on ineffectiveness of counsel may not be properly used as a vehicle to circumvent the consequences of failing to preserve issues for appeal. *If a finding of ineffectiveness of post-trial counsel is made, the appropriate remedy is to remand the case to the trial court to allow appellant to file post-trial motions nunc pro tunc.* It is *not* . . . *to reach the merits of the claim which has not been preserved.* So to conclude would be to resurrect the discarded doctrine of 'basic and fundamental error' under the rubric of ineffective assistance of counsel. Compare *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). (emphasis added).

*See also Commonwealth v. Holmes*, 482 Pa. 97, 106, 393 A.2d 397, 401 (1978) *and Commonwealth v. LaSane*, 479 Pa. 629, 637 n.9, 389 A.2d 48, 52 n.9 (1978).

In the instant case, the asserted ineffectiveness occurred, if at all, at the post-trial hearing stage. Thus, as in *Hub-*

*bard,* the appropriate remedy for the ineffectiveness in this case is a remand to the trial court to allow appellant to file new post-trial motions nunc pro tunc.

Moreover, even though it is improper to address the accomplice charge issue on the merits, I feel constrained to voice my disagreement with the majority's substantive analysis of that issue. The majority opinion relies on *Commonwealth v. Thomas,* 479 Pa. 34, 387 A.2d 820 (1978) to conclude "the trial court erroneously refused trial counsel's request for an accomplice charge." I feel an accomplice charge would not have been proper, however, for the reasons stated by the dissent in *Thomas.*

An accomplice charge serves to caution the jury that certain testimonial evidence is of a corrupt source and subject to close scrutiny, *Commonwealth v. Mouzon,* 456 Pa. 230, 318 A.2d 703 (1974), and must be given with respect to a prosecution witness where the evidence presents a jury question as to whether that witness was an accomplice [1] in committing the crime with which the

[1] Section 306 of the Crimes Code defines 'accomplice' as follows:
'(c) Accomplice defined.—A person is an accomplice of another person in the commission of an offense if:
(1) with the intent of promoting or facilitating the commission of the offense, he:
(i) solicits such other person to commit it; or
(ii) aids or agrees or attempts to aid such other person in planning or committing it; or
(2) his conduct is expressly declared by law to establish his complicity.'
See the Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 306(c).

defendant stands charged. *Commonwealth v. Mouzon, supra; Commonwealth v. Sisak,* 436 Pa. 262, 259 A.2d 428 (1969).

The theory of the majority is that Smith and McLaughlin aided and abetted the murder—robbery as participants in a 'conspiracy to commit robberies and other illegal acts in order to financially support BBI (Black Brothers, Inc.).' Opinion of the Court, *ante* at 38. This is based upon statements given to the police by McLaughlin following his own arrest to the effect that BBI was engaged in nefarious activities of one sort or another, that the murder

weapon belonged to the organization, and that the proceeds of the robbery were donated to the organization's treasury. Even if these statements be accepted as true they are insufficient to give rise to an inference that Smith and McLaughlin were in fact accomplices.

In order to establish that one has aided or abetted in the commission of a crime, it must be shown that one was an *active* partner in the planning or commission of the crime; the evidence must lead to more than mere speculation or conjecture. *Commonwealth v. Fields*, 460 Pa. 316, 333 A.2d 745 (1975); *Commonwealth v. McFadden*, 448 Pa. 146, 292 A.2d 358 (1972); *Commonwealth v. Strantz*, 328 Pa. 33, 195 A. 75 (1937). There is in the case at bar a patent absence of any such evidence. Indeed, the majority makes a quantum leap by assuming that mere knowledge of a crime may give rise to an inference of complicity in that crime. Such a notion has long been rejected in this Commonwealth: 'mere knowledge of the perpetration of a crime does not involve responsibility for its commission.' *Commonwealth v. Giacobbe*, 341 Pa. 187, 195, 19 A.2d 71, 75 (1941). While the fact that the proceeds of the robbery in question were donated to the treasury and the murder weapon belonged to the organization could be enough to implicate other members of BBI, including Smith and McLaughlin, their involvement would be only as accessories after the fact.[2] *Commonwealth v. McFadden, supra.*

[2] Liability as an accessory after the fact is governed by Section 5105 of the Crimes Code. That section provides:

'(a) Offense defined.—A person commits an offense if, with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime, he:

(1) harbors or conceals the other;

(2) provides or aids in providing a weapon, transportation, disguise or other means of avoiding apprehension or effecting escape;

(3) conceals or destroys evidence of the crime, or tampers with a witness, informant, document or other source of information, regardless of its admissibility in evidence;

(4) warns the other of impending discovery or apprehension, except that this clause does not apply to a warning given in connection with an effort to bring another into compliance with law; or

(5) volunteers false information to a law enforcement officer. The Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 5105.' . . .

Because the evidence was insufficient to convict either witness on an accomplice theory, it was not error for the trial court to refuse to give an accomplice charge. *Commonwealth v. Tervalon*, 463 Pa. 581, 345 A.2d 671 (1975); *Commonwealth v. Mouzon, supra.* Hence this dissent.

479 Pa. at 39–41, 387 A.2d at 823–24. (Pomeroy, J., dissenting, joined by O'Brien, J.).

Furthermore, even if I agreed that *Thomas* was decided correctly under the facts and circumstances of that case, it does not support the majority's conclusion in this case. The majority notes that, in *Thomas*, the evidence introduced *at that trial* indicated Black Brothers Incorporated (BBI) was organized and operated for the purpose of conducting ongoing criminal activity and that BBI owned the gun used by appellant, which gun had been used in similar "jobs." This evidence was not before the jury in the instant case. The jury at appellant's trial knew only that appellant and McLaughlin were members of an organization known as Black Brothers Incorporated, that appellant announced his crime at a meeting of BBI, and that the witness McLaughlin had taken the gun from appellant; the jury did not know the illegal and conspiratorial nature of BBI's activities nor that BBI had owned the gun used in the crime. Thus, the evidence *at appellant's trial* could have *at most* supported an inference that McLaughlin was an accessory after the fact, as the evidence which persuaded the majority in *Thomas* to find an inference of accomplice involvement was simply *not present* in the instant case.[1]

For the foregoing reasons, I dissent and would remand to the trial court for proceedings consistent with this opinion, granting leave to appellant to file new post-verdict motions.

FLAHERTY, J., joins this dissenting opinion.

1. In *Thomas*, the statements of McLaughlin and another BBI member were read into evidence—each also testified at trial. In appellant's trial, only McLaughlin testified. And, while McLaughlin's statement was entered as an exhibit, only an unrelated [to the issue of accomplice liability] portion was ever presented to the jury.