501 A.2d 1152

**COMMONWEALTH of Pennsylvania**

v.

**Robert L. WATTS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 18, 1985.

Filed Dec. 6, 1985.

Michael T. Hudock, Public Defender, Mifflinburg, for appellant.

Graham C. Showalter, Lewisburg, for Com., appellee.

Before WICKERSHAM, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Union County. Appellant, Robert Leroy Watts, was convicted of burglary and theft. Watts argued on appeal that the trial court erred in denying appellant's request for a "corrupt source" instruction with respect to the testimony of Larry Michaels. We agree and, accordingly, reverse the judgment of sentence and remand for a new trial.

On June 25, 1982, appellant was arrested and charged with burglary, theft, and receiving stolen property in connection with an incident which occurred at Kuhn's Brothers Lumber Company in Lewisburg, Pennsylvania. After a trial by jury, Watts was found guilty of theft and burglary. Larry Michaels, who was also charged with receipt of stolen property, testified at trial for the Commonwealth. Michaels asserted that he observed certain items at appellant's residence the day after the robbery; that appellant admitted to Michaels that he had taken the items on a midnight adventure at Kuhn's Brothers; and that he, Michaels, received some of the items from appellant.

Prior to summation, Watts requested the trial court to instruct the jury on a corrupt source charge in regards to Michaels' testimony. After reviewing the testimony given by Michaels, the trial court concluded a corrupt source charge was not warranted because the witness was not an accomplice. We disagree.

"A person is an accomplice of another person in the commission of the offense if: 1) with the intent of promoting or facilitating the commission of the offense he . . . (ii) aids or agrees or attempts to aid such other person in planning or committing it . . ." 18 Pa.C.S.A. § 306(c). Appellant was charged with receiving stolen property, i.e., "intentionally receiv[ing], retain[ing], or dispos[ing] of movable property of another knowing that it has been stolen or

believing that it had probably been stolen ..." 18 Pa.C.S.A. § 3925(a). It is well-established in Pennsylvania that "the test of determining if one is an accomplice of the accused on trial is whether or not he could be indicted and punished for the crime with which the accused is charged." *Commonwealth v. Hopkins*, 165 Pa.Super. 561, 564, 69 A.2d 428, 430, allocatur refused, 165 Pa.Super. xxv (1949). *See also Commonwealth v. Cimorose*, 330 Pa.Super. 1, 478 A.2d 1318 (1984); *Commonwealth v. Richey*, 249 Pa.Super. 365, 378 A.2d 338 (1977); *Commonwealth v. Staudenmayer*, 230 Pa.Super. 521, 326 A.2d 421 (1974); *Commonwealth v. Griffin*, 216 Pa.Super. 410, 268 A.2d 129 (1970).

It is clear, as a matter of law, that Michaels is an accomplice under the statute and this test. Michaels' testimony thoroughly established Michaels' participation with Watts in the commission of the offense of receiving stolen property. Michaels testified that he first saw the stolen objects at Watts' home the day after the robbery and he later discovered this property was stolen. Furthermore, Michaels admitted he purchased from Watts, tires taken during the burglary, aided Watts in dumping a tool box seized in the burglary into the Susquehanna River, assisted Watts in removing tools from Watts' residence to his car and retained some of the stolen tools for himself. Based on this testimony, it is apparent Michaels facilitated the retention and disposition of the stolen property by appellant. *See Commonwealth v. Ciotti*, 318 Pa.Super. 549, 465 A.2d 690 (1983). In addition, both Michaels and Watts were charged with receiving stolen property. The Commonwealth contends that Michaels did not receive any stolen property or even know of such property until the day after Watts committed the acts of which he is accused. Based on this fact, appellee argues that Michaels is exempt from accomplice status. We disagree. The acts which Watts committed with Michaels subsequent to the burglary, such as removing stolen tools from Watts' property and dumping the stolen tool box into the river, are sufficient to qualify

Michaels as an accomplice. Michaels "knowingly, voluntarily, and with a common interest with [Watts] participate[d] in the commission of [the] crime [of receiving stolen property.]" 21 Am.Jur.2d *Criminal Law* § 166 (1981).

"An accomplice charge is necessitated not only when the evidence requires an inference that the witness was an accomplice, but also when it permits that inference." *Commonwealth v. Upshur*, 488 Pa. 27, 32, 410 A.2d 810, 812 (1980).

> [W]hen the facts with respect to the participation of a witness in the crime for which the defendant is on trial are clear and undisputed, it is for the court to determine whether or not he was an accomplice, but where the facts are in dispute, or different inferences might reasonably be drawn therefrom, the question whether or not a witness was an accomplice is for the jury.

*Commonwealth v. Sisak*, 436 Pa. 262, 267, 259 A.2d 428, 431 (1969) (citations omitted). At the very least, one could properly infer that Michaels was Watts' accomplice. *Commonwealth v. Mouzon*, 456 Pa. 230, 318 A.2d 703 (1974).

■ The justification for the instruction is that an accomplice witness will inculpate others out of a reasonable expectation of leniency. *Commonwealth v. Upshur*, 488 Pa. at 32, 410 A.2d at 812 (1980); *Commonwealth v. Thomas*, 479 Pa. 34, 37, 387 A.2d 820, 822 (1978); *Commonwealth v. Russell*, 477 Pa. 147, 153, 383 A.2d 866, 868 (1977).

> It is the rule in Pennsylvania that the testimony of an accomplice of a defendant, given at the latter's trial, comes from a corrupt source and is to be carefully scrutinized and accepted with caution; it is clear error for the trial judge to refuse to give a charge to this effect after being specifically requested to do so.

*Commonwealth v. Sisak*, 436 Pa. at 265, 259 A.2d at 430 (1969) (citation omitted). *Accord, Commonwealth v. Hudson*, 489 Pa. 620, 628, 414 A.2d 1381, 1385 (1980).

■ After reviewing the record, it is clear Michaels testified against Watts because he believed the Commonwealth would drop the charge against him. On cross-examination, defense counsel questioned Michaels as to whether it "[was his] understanding that if [he] testif[ied] ... that the charges [would] be dropped against [him] in this case." Michaels responded that "according to my lawyer he said he could work out something, yes. But there was no understanding that the charges were dropped when I walked in here." Michaels was then questioned as to "[his] understanding of the words, 'something could be worked out.' " Michaels answered, "I never had any other offenses according to my lawyer, and he said he would talk to the District Attorney, but there was nothing definite."

By failing to instruct the jury on the corrupt source charge in the case *sub judice*, the trial court defeated the purpose behind the charge. *Commonwealth v. Thomas*, 479 Pa. 34, 387 A.2d 820 (1978). "One who testifies while he is faced with criminal charges may be influenced to testify falsely by the hope of leniency, and ordinarily the defendant, on request, is entitled to have the jury so advised by an appropriate charge." 21 Am.Jur.2d *Criminal Law* § 166 (1981). It is apparent Michaels "ha[d] an interest beyond that of an ordinary witness, and this interest should be called to the jury's attention so the jury will hear the testimony with suspicion and weigh it carefully for truthfulness." *Commonwealth v. Thomas*, 479 Pa. at 37–38, 387 A.2d at 822. *Accord, Commonwealth v. Todt*, 318 Pa.Super. 55, 464 A.2d 1226 (1983).

Thus, the jury could have reasonably inferred Michaels was Watts' accomplice in the receipt and disposition of the stolen goods. The trial court erred in refusing to instruct the jury on a corrupt source charge. Accordingly, we reverse the judgment of sentence and remand for a new trial.[1] Jurisdiction is relinquished.

---

1. Because of our disposition of this matter, we need not address appellant's remaining contentions.