574 A.2d 1127

**COMMONWEALTH of Pennsylvania**

v.

**Carl HUNTER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 23, 1990.

Filed May 16, 1990.

John R. Sobota, Asst. Public Defender, Wilkes–Barre, for appellant.

Richard M. Hughes, III, Asst. Dist. Atty., Wilkes–Barre, for the Com., appellee.

Before CIRILLO, President Judge, and WIEAND and BROSKY, JJ.

BROSKY, Judge.

Carl Hunter appeals from the judgment of sentence of the trial court following his jury convictions of burglary, theft and criminal trespass.

Appellant claims on appeal that the trial court erred in denying appellant's request for an "accomplice-corrupt source" jury charge. He avers that the trial testimony of Commonwealth witness William Barrington, who was not charged with but was present during the commission of the above mentioned crimes, permitted an inference that Barrington was an accomplice. We agree and are constrained to reverse and remand for a new trial.

In *Commonwealth v. Watts*, 348 Pa.Super. 224, 228, 501 A.2d 1152, 1154 (1985), our court, quoting *Commonwealth v. Sisak*, 436 Pa. 262, 265, 259 A.2d 428, 430 (1969), stated that,

> It is the rule in Pennsylvania that the testimony of an accomplice of a defendant, given at the latter's trial, comes from a corrupt source and is to be carefully scrutinized and accepted with caution; it is clear error for the trial court to refuse to give a charge to this effect after being specifically requested to do so.

The rationale behind the instruction is that an accomplice witness will inculpate others out of a reasonable expectation of leniency. *Commonwealth v. Thomas*, 479 Pa. 34, 387 A.2d 820 (1978); *Commonwealth v. Watts, supra.* "A person is an accomplice of another person in the commission of an offense if: (1) with the intent of promoting or facilitating the commission of the offense, he ... (ii) aids or agrees or attempts to aid such other person in planning or committing it...." 18 Pa.C.S. § 306(c). The test for determining if one is an accomplice of the accused on trial is whether or not the accomplice could be indicted and punished for the crime with which the accused is charged. *Id.* The accomplice charge is necessitated not only when the

evidence requires an inference that the witness was an accomplice, but also when it *permits* that inference. *Id.*
When the facts with respect to the participation of a witness in the crime for which the defendant is on trial are clear and undisputed, it is for the court to determine whether or not he was an accomplice, but where the facts are in dispute, or different inferences might reasonably be drawn therefrom, the question whether or not a witness was an accomplice is for the jury.

*Id.*

The facts as adduced during the testimony of William Barrington at trial reveal that appellant was living in a home with William Barrington and John Hummel. On February 8, 1988, appellant drove Barrington and Hummel to a house at Plymouth Borough, Pennsylvania. Barrington testified at appellant's trial that appellant told him that the house belonged to a friend of his. Neither appellant nor Hummel testified at appellant's trial. There was no answer at the back door to the house and Barrington returned to the car; Hummel joined him twenty minutes later. After ten more minutes appellant returned to the car carrying a VCR and a child's backpack containing rare coins (Barrington learned of the contents of the backpack after he opened it up and looked inside). Barrington testified that appellant told him that the items belonged to appellant. After driving a short distance appellant told Barrington and Hummel that he had burglarized the house and that all of them were involved in the burglary. The three men then drove back to the house. Barrington did not try to stop appellant.

Appellant reentered the house while Barrington and Hummel waited in the car. Barrington testified that he did not leave the scene because it was cold out and he would have had to walk home. Appellant returned with a black box and other items. The three men then drove to a coin dealer in Dallas, Pennsylvania. Barrington accompanied appellant into the coin shop but did not follow him to the counter or participate in the transaction in which appellant

received cash for the stolen coins. Barrington did not receive any of the cash, but he "would have liked some of the money" and "expected to get some" because he was present during the entire incident. N.T., 12/19/88, at 67, 70.

Barrington was never charged with the instant crimes but is on parole for a burglary that he committed in South Carolina. The parole was transferred to Pennsylvania and expires in 1990. The instant crimes and trial occurred in 1988. The police who investigated the instant burglary were told by Barrington that he was on parole. Barrington also has another burglary conviction and was twice adjudicated delinquent for shoplifting. He testified that he was not promised anything in return for his testimony at appellant's trial.

We find that the trial court erred in denying appellant's request for an accomplice jury charge. Barrington's testimony was crucial in convicting appellant (an employee of the coin shop also identified appellant as the person who sold the stolen coins); appellant presented no testimony. Because Barrington (a) voluntarily accompanied appellant during the second burglary (although Barrington testified that it was cold out and he would have had to walk home if he did not accompany appellant, Barrington could have asked to be driven home or dropped off at a location accessible to public transportation); (b) voiced no objections to the crimes prior to, during or subsequent to their commission; (c) accompanied appellant into the coin shop and desired and expected proceeds from the crimes; and (d) although promised nothing in return for his testimony, Barrington could have been motivated by a desire to avoid being charged with the instant crimes and possibly thereafter being found in violation of his parole, we find that the facts adduced by Barrington's testimony alone were susceptible of different inferences and, hence, the jury should have been the determiner of whether Barrington was an accomplice. *Commonwealth v. Watts, supra.* This could have only been accomplished through the grant of an ac-

complice charge, and the trial court's failure to give one necessitates the grant of a new trial for appellant. *Id.* The facts adduced at trial permitted an inference that Barrington intended to promote or facilitate the commission of the crimes and aided or agreed to or attempted to aid appellant in committing the crimes, and was thereby an accomplice. 18 Pa.C.S. § 306(c); *Commonwealth v. Watts, supra.*

Judgment of sentence reversed; remanded for a new trial.

CIRILLO, President Judge, files a dissenting statement.

CIRILLO, President Judge, dissenting.

I respectfully dissent. In my opinion the facts of this case do not permit an inference that the Commonwealth's witness, William Barrington, was an accomplice. Therefore, I would find that the trial court did not err in denying appellant's requests for an "accomplice-corrupt source" charge.

The majority cites to *Commonwealth v. Watts,* 348 Pa. Super. 224, 501 A.2d 1152 (1985), to support its decision that the trial court erred in failing to give the accomplice charge. However, the facts of *Watts* are distinguishable from those in the instant case. In *Watts,* the defendant was charged with burglary, theft, and receiving stolen property. Commonwealth witness Michaels, who was also charged with receiving stolen property, testified against Watts. Michaels testified that he observed certain items at Watts' home the day after the burglary, that Watts admitted to him that he had stolen the items, and that he, Michaels, received some of the items from Watts.

In Pennsylvania it is well established that the test for determining whether one is an accomplice of the accused on trial is whether he or she could be indicted and punished for the crime with which the accused is charged. *Watts,* 348 Pa.Super. at 227, 501 A.2d at 1153. Under the Crimes Code, "[a] person is an accomplice of another person in the

commission of the offense if: 1) with the intent of promoting or facilitating the commission of the offense he ... (ii) aids or agrees or attempts to aid such other person in planning or committing it ..." 18 Pa.C.S. § 306(c). In order to establish that one is an accomplice to a crime, it is necessary to show that one had knowledge of, and participated in, the specific crime charged. *Commonwealth v. Fields,* 460 Pa. 316, 333 A.2d 745 (1975); *see also Commonwealth v. Thomas,* 479 Pa. 34, 38, 387 A.2d 820, 822 (1978); ("an accomplice is an active partner in the planning or commission of the crime.").

In *Watts,* it was clear both under the statute and the common law test that Michaels was an accomplice in the commission of the crime. Here, however, evidence of Barrington's active participation in the planning or the commission of the burglary is blatantly absent. *Thomas, supra.* Thus, I would affirm the judgment of sentence.