## Commonwealth v. Zinn

*Jonathan R. Birbeck, assistant district attorney,* for the Commonwealth.

*H. Anthony Adams,* for defendant.

BAYLEY, *J.,* March 21, 1991—On January 24, 1991, defendant, Edwin Lee Zinn II, was convicted by a jury on a count of robbery,[1] conspiracy to commit robbery,[2] and theft.[3] The testimony at trial in a light most favorable to the Commonwealth, was as follows.

On October 24, 1989, Joann Kohler, age 52, a waitress at the Colonial House Restaurant in Carlisle, was walking home from work at about 11 p.m. Suddenly, two "guys" ran past her, one of whom grabbed her purse, causing a brushburn on her arm where the strap had been. The men had hoods over their heads so that she could not see their faces. Her purse contained a wallet, money and various other items. The victim immediately reported the robbery to the police.

---

1. 18 Pa.C.S. §3701(a)(1)(v).
2. 18 Pa.C.S. §903.
3. 18 Pa.C.S. §3921.

Eric McKenzie, age 21, testified on behalf of the Commonwealth. He stated, that in October 1989, he and his girlfriend Cathy, and their son, were living at 71 East North Street, with defendant, Edwin Lee Zinn II, and his girlfriend Tracy Jones. Everyone was unemployed and needed money. McKenzie had a drug habit that aggravated that need. McKenzie testified that he and defendant, while at the apartment, decided they would steal some money. They left the apartment taking extra clothes with them in case they were seen. They walked around a couple of hours until they saw Joann Kohler. They both ran up to the victim with the intent to take her purse, with McKenzie grabbing it off her arm. The two men then went to the old Penn school building where they stashed the clothes they had been wearing. They went back to the apartment where they divided the money that was in the purse. McKenzie's girlfriend and Tracy Jones were with them as they went through the purse, and Tracy Jones kept some of the other items from the purse. McKenzie pled guilty to the robbery and the conspiracy to commit the robbery before he testified.

Tracy Jones, age 20, testified on behalf of the Commonwealth. She stated she saw McKenzie and Zinn leave the apartment on October 24, 1989, and when they came back they had the purse. She and Cathy, as well as the two men, were present when the items in the purse were taken out. The men split the money and she received some of the other items.

In addition to the counts of robbery, conspiracy and theft, defendant was also charged with receiving stolen property (the purse and contents of Joann Kohler).[4] The Commonwealth withdrew that count after defendant

---

4. 18 Pa.C.S. §3925. The charge was graded a misdemeanor in the second degree.

rested and before the charge to the jury.[5] At the request of defendant, we charged the jury that Eric McKenzie was an accomplice to the crimes of robbery, conspiracy and theft. We charged on the corrupt-source rule as to Eric McKenzie. Defendant further requested that the corrupt-source charge be given with respect to the testimony of Tracy Jones, and that the jury be instructed that her testimony, and that of Eric McKenzie, could not be considered as corroborative of each other. See *Commonwealth v. Bennett*, 220 Pa. Super. 378, 283 A.2d 724 (1971). The request was denied, and that ruling forms the sole basis of alleged error in defendant's post-trial motion.

## DISCUSSION

When a charge on the corrupt-source rule is required on the facts of a case, it is reversible error to refuse to give the charge. *Commonwealth v. Bricker*, 525 Pa. 362, 581 A.2d 147 (1990). *Commonwealth v. Upshur*, 488 Pa. 27, 410 A.2d 810 (1980). In *Commonwealth v. Thomas*, 479 Pa. 34, 37-38, 387 A.2d 820, 822 (1978), the Supreme Court stated:

"The rationale behind instructing a jury that it should view the testimony of an accomplice with suspicion when the accomplice testifies for the prosecution, lies in the recognition that such a witness, out of a reasonable expectation of leniency, has an interest in inculpating others.... For an accomplice charge to be required, the facts *need not require* the inference that the witness was in fact an accomplice, they need only permit such an inference.... If the evidence is sufficient to present

5. Defendant rested immediately after the Commonwealth's case was completed. Accordingly, the only evidence presented was that defendant actually participated with Eric McKenzie in robbing the victim.

a jury question with respect to whether the prosecutions' witness was an accomplice, the defendant is entitled to an instruction as to the weight to be given to that witness's testimony." (emphasis in original, citations omitted)

In the present case, defendant does not maintain that Tracy Jones was an accomplice to the crimes of robbery, conspiracy to commit robbery, and theft of the purse from Joann Kohler, as there was no evidence that would have permitted such an inference as an accomplice is defined at 18 Pa.C.S. §306(c):

"A person is an accomplice of another person in the commission of an offense if:

"(1) with the intent of promoting or facilitating the commission of the offense, he:

"(i) solicits such other person to commit it; or

"(ii) aids or agrees or attempts to aid such other person in planning or committing it...."

Since both Eric McKenzie and Tracy Jones testified that Tracy Jones received some of the items in the stolen purse, defendant maintains there was evidence that Tracy Jones was a principal and accomplice to receiving stolen property, thus warranting the corrupt-source charge. In opposition, the Commonwealth relied on *Commonwealth v. Richey,* 249 Pa. Super. 365, 378 A.2d 338 (1977). In *Richey,* two women overheard their husbands discussing the planning of a robbery on two occasions, however, neither participated in the planning. The men committed the robbery and when they returned home, each woman was given $2,300, the sum representing each man's share in the proceeds of the robbery. The next day, at their husbands' direction, the two women attempted to dispose of the weapon used in the robbery. The trial judge concluded that the two women, who testified on behalf of the Commonwealth, did not have the requisite shared criminal intent to make them accomplices to the crime of

robbery, conspiracy and theft for which their husbands were charged. In upholding the trial court's refusal to give the corrupt-source charge with respect to their testimony, the Superior Court concluded that their receiving property stolen in the robbery did not make them an accomplice of the two men who illegally obtained the property by committing a robbery.

In the case sub judice, defendant was specifically charged with a count of receiving stolen property by intentionally receiving, retaining or disposing of the purse and contents of Joann Kohler knowing that it had been stolen or believing that it had probably been stolen.[6] That is a crime Tracy Jones admitted to having committed when she testified on behalf of the Commonwealth. Eric McKenzie also implicated her in conduct that would constitute that crime. Thus *Richey* is distinguishable on the facts since Tracy Jones could have been charged for a crime for which defendant was actually charged.[7] See *Commonwealth v. Staudenmayer,* 230 Pa. Super. 521, 326 A.2d 421 (1974); *Commonwealth v Hopkins,* 165 Pa. Super. 561, 69 A.2d 428 (1949). We do not believe that the fact the count of receiving stolen property was withdrawn immediately before the charge of the court, makes any difference as to the necessity of charging on the corrupt-source rule, because the rationale for the rule still applied; Tracy Jones, out of a reasonable expectation of leniency with respect to her having committed the crime of receiving stolen property, had an interest in inculpating defendant.

---

6. 18 Pa.C.S. §3925.

7. She could still be charged, as the statute of limitations for a misdemeanor two, receiving stolen property, is two years from the date of the offense. 42 Pa.C.S. §5552; *Commonwealth v. Kuhn,* 200 Pa. Super. 649, 190 A.2d 337 (1963).

We further believe that *Commonwealth v. Watts,* 348 Pa. Super. 224, 501 A.2d 1152 (1985), supports defendant's position. In *Watts,* defendant was arrested and charged with burglary, theft and receiving stolen property. He was found guilty of theft and burglary. Larry Michaels, who was also charged with receiving stolen property, testified at trial for the Commonwealth. Michaels stated he observed certain items of defendant's residence the day after the robbery; that defendant admitted to him that he had stolen the items; and that he, Michaels, received some of the items from defendant knowing that they were stolen. The Superior Court reversed defendant's conviction upon his claim that the trial court erred in refusing to give the corrupt-source charge with respect to Michaels. The court concluded that Michaels admitted he received stolen property, and that his conduct facilitated the retention and disposition of the stolen property, thus warranting the charge. Although in the present case, Tracy Jones was not charged with a count of receiving stolen property, as Michaels was in *Watts,* nevertheless, the same rationale for giving the corrupt-source charge applies, because Tracy Jones could be charged with a similar count of receiving stolen property for which defendant herein was charged as the defendant was in *Watts.*

Accordingly, for the foregoing reasons, the following order is entered.

## ORDER OF COURT

And now March 21, 1991, the motion of defendant for post-trial relief, is granted. Defendant's convictions on the counts of robbery, conspiracy to commit robbery and theft, are reversed, and defendant is granted a new trial.