331 A.2d 435
**COMMONWEALTH of Pennsylvania**
v.
**Mack Ceasar DANCER, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 10, 1974.

Decided Jan. 27, 1975.

Daniel H. Shertzer, Lancaster, for appellant.

Roland L. Buckwalter, Dist. Atty., Lancaster, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This appeal from a denial of relief under the Post Conviction Hearing Act[1] requires us to determine whether a defendant represented on direct appeal by an attorney other than his trial counsel waives his claim of ineffective assistance of trial counsel by failing to raise that issue on direct appeal. In the circumstances of this case, we hold that failure to raise the issue on direct appeal constitutes a waiver.

In 1971, appellant Mack Ceasar Dancer was convicted by a jury of murder in the second degree. Following denial of post-trial motions, Dancer was sentenced to imprisonment of seven and one-half to fifteen years. After sentencing, Dancer discharged his trial attorney, retained new counsel, and appealed to this Court. Dancer did not claim on direct appeal ineffective assistance of trial counsel. We affirmed. *Commonwealth v. Dancer,* 452 Pa. 221, 305 A.2d 364 (1973).

---

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180–1 et seq. (Supp.1974).

On July 9, 1973, appellant initiated the present PCHA proceeding and raised for the first time the claim of ineffectiveness of trial counsel. After a hearing at which Dancer's trial counsel testified, the PCHA court denied appellant relief. This appeal ensued.[2] We affirm.

Appellant alleges that at a number of critical junctures during trial, his counsel elected to follow alternatives that had no "reasonable basis designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). He therefore claims denial of effective assistance of counsel. See Post Conviction Hearing Act § 3(c)(6), 19 P.S. § 1180–3(c)(6) (Supp.1974). Appellant asserts the most important of these alleged prejudicial trial deficiencies occurred because counsel relied on a self-defense theory despite Dancer's refusal to admit that he had struck the fatal blow. Counsel's utilization of this defense resulted in failure to exploit alternatives that, appellant claims, might have suggested to the jury that the deceased had not been mortally wounded by appellant. This defense also led counsel to refrain from objecting to portions of the court's charge that were premised on the assumption that the victim's death was attributable to Dancer.

Additionally, Dancer claims that counsel erred by 1) failing to request a charge on involuntary manslaughter, 2) failing to request an adequate charge on the possible verdicts, 3) neglecting to object to presumptions of guilt expressed in the charge, 4) failing to adequately develop the self-defense theory, and 5) failing to present evidence of alternative defenses.

The PCHA court refused to consider the merits of all these claims of counsel's ineffectiveness. It concluded

2. The Act of January 25, 1966, P.L. (1965) 1580, § 11, 19 P.S. § 1180–11 (Supp.1974), and the Appellant Court Jurisdiction Act of 1970, P.L. 673, § 202(1), 17 P.S. § 211.202(1) (Supp.1974) are the sources of our jurisdiction.

that appellant waived these claims when he failed to raise them on direct appeal. We agree as to all but the last claim of ineffective counsel.

Our Post Conviction Hearing Act provides that, to be eligible for relief under the Act, the petitioner must establish that the claim upon which he seeks relief has not been waived. Post Conviction Hearing Act § 3(d), 19 P.S. § 1180-3(d) (Supp.1974). For purposes of the Act, an issue is waived if the petitioner "knowingly and understandingly" fails to raise it on direct appeal and it could have been raised on direct appeal. Post Conviction Hearing Act § 4(b)(1), 19 P.S. § 1180-4(b)(1) (Supp. 1974). The Act creates a rebuttable presumption that a failure to raise an issue is a "knowing and understanding failure." Post Conviction Hearing Act § 4(c), 19 P.S. § 1180-4(c) (Supp.1974). However, if the petitioner can prove the existence of "extraordinary circumstances" justifying his failure to raise the issue, or can otherwise rebut the presumption of a "knowing and understanding failure, "the issue is not waived. It may be considered in the PCHA proceeding despite his failure to have raised it on direct appeal. Post Conviction Hearing Act §§ 4(b)(2) and (c), 19 P.S. §§ 1180-4(b)(2) and (c).

The ineffectiveness of appellant's trial counsel could have been raised on direct appeal. Claims of ineffective counsel were recently raised on direct appeal in *Commonwealth v. Zapata*, 455 Pa. 205, 314 A.2d 299 (1974); *Commonwealth v. Hudson*, 455 Pa. 117, 314 A. 2d 231 (1974); *Commonwealth v. Sanger*, 453 Pa. 504, 309 A.2d 380 (1973); *Commonwealth v. Pride*, 450 Pa. 557, 301 A.2d 582 (1973); *Commonwealth v. Sullivan*, 450 Pa. 273, 299 A.2d 608, cert. denied, 412 U.S. 923, 93 S.Ct. 2745, 37 L.Ed.2d 150 (1973) and *Commonwealth v. Hollenbaugh*, 449 Pa. 6, 295 A.2d 78 (1973). See also *Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973); *Commonwealth v. Faison*, 437 Pa. 432, 264 A.2d 394 (1970). Here appellant's failure to raise the issue on di-

rect appeal creates a rebuttable presumption that the failure was "knowing and understanding" and that therefore the issue was waived. Except as to his claim that counsel failed to present evidence of alternative defenses, appellant has offered no evidence of "the existence of any extraordinary circumstances to justify his failure to raise the issue," Post Conviction Hearing Act § 4(b)(2), 19 P.S. § 1180–4(b)(2) (Supp.1974), nor has he offered any evidence that rebuts the presumption that the failure was "knowing and understanding." Id. § 4(c), 19 P.S. § 1180–4(c) (Supp.1974). It must be concluded that appellant waived all but one of his claims of ineffectiveness of counsel. He is therefore precluded from now raising those claims in a PCHA petition.[3]

 In recent cases, this Court considered claims of trial counsel's ineffectiveness raised in PCHA proceedings. E. g., *Commonwealth v. Owens,* 454 Pa. 268, 312 A.2d 378 (1973); *Commonwealth v. Robinson,* 452 Pa. 316, 305 A.2d 354 (1973); *Commonwealth v. Dennis,* 451 Pa. 340, 304 A.2d 111 (1973); *Commonwealth v. Mack,* 451 Pa. 319, 304 A.2d 93 (1973); *Commonwealth v. Hill,* 450 Pa. 477, 301 A.2d 587 (1973). Our Post Conviction Hearing Act and the principles of judgment finality mandate that claims of ineffectiveness of counsel may only be raised in PCHA proceedings 1) where petitioner is represented on appeal by his trial counsel, for it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness, 2) where the petitioner is represented on appeal by new counsel, but the grounds upon which the claim of ineffective assistance are based do not appear in the trial record, 3) where the petitioner is able

---

**3.** Appellant maintains that this result is inconsistent with our holding in *Commonwealth v. Wideman,* 453 Pa. 119, 306 A.2d 894 (1973). Our decision in that case is inapposite. In *Wideman,* the appellant sought PCHA relief on the grounds that he had been twice placed in jeopardy. We merely held that appellant's failure to raise that issue on appeal did not bar him from seeking PCHA relief because the appellant was without effective appellate assistance of counsel.

to prove the existence of other "extraordinary circumstances" justifying his failure to raise the issue, Post Conviction Hearing Act § 4(b)(2), 19 P.S. § 1180–4(b)(2) (Supp.1974) or 4) where the petitioner rebuts the presumption of "knowing and understanding failure," Post Conviction Hearing Act § 4(c), 19 P.S. § 1180–4(c) (Supp.1974).[4]

■ On this record, the PCHA court's conclusion that appellant's claims were waived was proper except as to one claim of alleged counsel ineffectiveness. The sole unwaived claim is Dancer's allegation of counsel's failure to present at trial certain evidence he uncovered during his pretrial investigation. That issue did not and could not appear in the trial record. It was asserted for the first time in the PCHA petition and its resolution required an evidentiary hearing. Therefore it was within the Post Conviction Hearing Act.

■ Although the PCHA court did not specifically address itself in its opinion to this contention, we conclude from our review of the record that counsel's determination that the evidence in question should not be offered was clearly a strategy decision that had some reasonable basis designed to effectuate his client's interests. We therefore conclude that appellant was not denied the effective assistance of counsel.[5]

4. Under these standards, it is clear that a petitioner may contest the ineffectiveness of direct-appeal counsel in a PCHA proceeding. See *Commonwealth ex rel. Neal v. Myers*, 424 Pa. 576, 227 A.2d 845 (1967).

5. This Court may, of course, affirm if any ground for affirmance exists. See *Gilbert v. Korvette, Inc.*, 457 Pa. 602, 604, 327 A.2d 94, 96 (1974); *Prynn Estate*, 455 Pa. 192, 197 n. 9, 315 A.2d 265, 267 n. 9 (1974); *Concord Township Appeal*, 439 Pa. 466, 469, 268 A.2d 765, 766 (1970); *Ridley Township v. Pronesti*, 431 Pa. 34, 37, 244 A.2d 719, 720–21 (1968); *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955).

Analysis of the relevancy of the undisclosed evidence requires a review of the facts. In Dancer's direct appeal to this Court we recited those facts:

"At approximately 12:30 a. m. on the morning of october 23, 1971, Albert Tatum, brandishing a knife, entered the house of Suzy Hayes with the announced purpose of killing Elsie Turner, Mrs. Hayes' aunt. Tatum, evidencing some degree of intoxication, searched about briefly for Mrs. Turner and when asked to leave swung at the Hayes woman with his knife. At this point, Dancer, the appellant, who had been making repairs to a room of the house, armed himself with a knife and intervened, scuffling briefly with the victim [and expelling him from the house]. As the door was locked against him, Tatum said, 'Mack you cut me' and 'I'll be back.'

"About 2:30 a. m. Tatum's body was discovered by the Lancaster police on the sidewalk about thirty yards from the Hayes' house. Medical examination revealed he had been dead from one and a half to two hours, and death was caused by a single puncture wound in the left mid-thoracic region which resulted in massive hemorrhaging."

Commonwealth v. Dancer, 452 Pa. 221, 223, 305 A.2d 364, 365 (1973).

The Commonwealth's case, however, contained two apparent inconsistencies. First, the Commonwealth's expert witness testified that death usually results instantaneously from the wound which killed Tatum. Thus it was very unlikely, although not impossible, that Tatum could have walked thirty yards had he been mortally wounded in his scuffle with Dancer. Second, Mrs. Hayes, a Commonwealth witness, testified that after leaving the house, Tatum turned to the right. Tatum's body was found to the left of her home.

In his investigation, trial counsel discovered that Tatum had not walked under his own power to the spot

where the police found his body. In fact, upon leaving the house Tatum fell into a parked but occupied car and died. The occupants then drove a few blocks with the body and placed the corpse where the police eventually found the body. At trial counsel called none of the three occupants of the car. Appellant contends that counsel's decision was so unreasonable that it deprived him of the effective assistance of counsel. Had these witnesses been called, he alleges, they might have established that Tatum's death resulted from "intervening causes" rather than from a wound inflicted by appellant.

At the PCHA hearing, trial counsel testified that he did not offer the occupants' testimony because "[i]t would not help him [Dancer]." No further explanation appears in the record.

In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), we held that

"counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis."

Id., at 605, 235 A.2d at 352–353 (footnote omitted).

Our review of the record satisfies us that counsel's failure to present the testimony of the car's occupants does not establish ineffective assistance of counsel. Counsel's decision not to offer testimony suggesting a totally speculative intervening cause of death which could only tend to diminish the credibility of the defense without advancing it "had some reasonable basis designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, supra at 604, 235

A.2d at 352. Despite appellant's contention that the witnesses might have suggested that Tatum's death did not result from his confrontation with appellant, his counsel could reasonably have feared that their testimony instead would bolster the Commonwealth's case by filling the gaps in its evidence. Counsel's decision was " 'clearly a matter of trial strategy that call [ed] for the "ultimate choice and responsibility" of defense counsel.' [*Commonwealth v. McGrogan,* 449 Pa. 584, 589, 297 A.2d 456, 459 (1972).]" *Commonwealth v. Owens,* 454 Pa. 268, 275, 312 A.2d 378, 382 (1973). Because as a matter of trial strategy defense counsel had some reasonable basis for his decision not to call these witnesses, his assistance was not constitutionally ineffective. Id. at 274, 312 A.2d at 382; *Commonwealth v. Karchella,* 449 Pa. 270, 296 A.2d 732 (1972); *Commonwealth v. Ellis,* 445 Pa. 307, 284 A. 2d 735 (1971); *Commonwealth v. Hawkins,* 445 Pa. 279, 284 A.2d 730 (1971). See ABA Project on Standards for Criminal Justice, Standards Relating to the Defense Function § 5.2(b) (Approved Draft, 1971).[6]

Order affirmed.

JONES, C. J., did not participate in the consideration or decision of this case.

**6.** Section 5.2(b) of the Standards Relating to the Defense Function states:

The decision on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client."

Comment b states:

"The lawyer must be allowed to determine which witnesses should be called on behalf of the defendant. . . .

Cases which have reversed convictions for failure of counsel to call certain witnesses . . . have been decided not on the ground that counsel must heed the client's wishes on such matters, but on a determination that these actions were in these cases not strategic or tactical decisions by counsel but rather revealed his ineptitude, inexperience, lack of preparation or unfamiliarity with basic legal principles amounting to ineffective assistance of counsel."

Id. § 5.2 comment b at 239–40.