Commonwealth *v.* Williams, Appellant.

348

Submitted March 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Barnett S. Lotstein,* and *Seidman and Lotstein,* for appellant.

*Romaine Phillips, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., June 24, 1975:

Appeal is taken to this Court from Judge DOTY'S denial of appellant's petition[1] for post-conviction relief, following hearing.

Appellant had been indicted, tried before a judge without a jury, and sentenced after conviction to five years' probation on a charge of burglary[2] and to three to ten years' imprisonment on a charge of aggravated robbery.[3] On a bill of indictment charging carrying firearms on public streets a nolle prosequi was entered. On direct appeal to our Court, at 225 Pa. Superior Ct. 751, 307 A.2d 314 (1973), we affirmed the judgment of sentence. On September 13, 1973, the Pennsylvania Supreme Court denied allowance of further appeal. It is the denial of appellant's subsequent request for post-conviction relief, after an evidentiary hearing, which is presently before us.

Appellant makes but one argument—ineffective counsel at the trial stage. For the reasons that such an argument was not made in appellant's motions for new trial and in arrest of judgment that such an argument is more properly the subject of post-conviction proceedings, that new counsel has been appointed for the post-conviction proceedings, and that the record is complete as it reflects pertinent testimony and judicial opinion regarding appellant's instant arguments, we shall dispose of them ad seriatim. See *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

Appellant first argues that at trial prejudice obtained to his defense because his counsel permitted testimony to be heard that photographs which aided the victim in

1. Filed pursuant to the "Post Conviction Hearing Act," Act of 1966, Jan. 25, P.L. (1965) 1580, 19 P.S. §1180-1 et seq.

2. A violation of the "Penal Code," Section 4901, 18 Purdon's Statutes Annotated.

3. A violation of the "Penal Code," Section 4705, 18 Purdon's Statutes Annotated.

identifying appellant were pictures of members of a much-criticized political organization. Appellant adopts the position that his counsel should have made timely objection to such testimony in order to preserve it for possible appeal. We hold that appellant was not prejudiced because the testimony of the police officer who testified that he conducted the photographic array is devoid of any reference that the individuals of said political organization had been convicted of criminal activity and that appellant had been a party thereto. Testimony of Detective McCarty was that "he (the victim, one Mr. Bowie) was taken to the Police Administration Building and there he viewed files of known Panther members in the City of Philadelphia; and he selected the photo of the defendant, Walter Williams, as positively involved in the holdup that evening."[4] Without testimony that the subjects of the photographs were convicted criminals, we do not find prejudice to appellant and cannot say that counsel should have objected due to our conviction that such objection, had it been made, would not have been sustained.

In appellant's direct appeal to our Court, No. 621, October Term, 1972, the issue was raised as to whether the testimony regarding the juxtaposition of appellant's photo and those of politically-active others was harmful as a violation of due process. This substantive question was decided adversely to appellant by our affirmance of the judgment of sentence at 225 Pa. Superior Ct. 751 (1973). Whether trial counsel should have objected at any point to these photographs is a question different from that which we addressed above, even though both are founded on the same evidence.

Secondly, appellant argues that the line-up wherein appellant was identified was unduly suggestive in that the physical characteristics of those participants other

---

4. Notes of trial testimony, p. 7.

than appellant were at great variance from the appearance of appellant. Appellant charges his trial counsel with ineffectiveness in not objecting to presentation of this line-up testimony to the jury. Testimony of police detective Ansel, who conducted the line-up, shows that five other males comprised the line-up together with appellant, and that all had similar hair-cuts, were of the same race, and were of similar appearance. Based on the ample direct and cross-examination, and because of testimony indicating that the police used others of similar appearance to appellant, we hold that counsel acted properly during this portion of trial in not making objections which would have been useless.

Lastly, appellant argues that counsel was ineffective in not investigating an allegation that there were other individuals present at the scene of the crime who could have offered defense testimony on behalf of appellant. The testimony at Post Conviction Hearing Act evidentiary hearing of appellant's trial counsel indicates that he questioned appellant, for purposes of trial preparation, as to whether he could remember the names of other individuals present at the bar on the night in question, and appellant could not remember. Such was the statement of appellant himself at this evidentiary hearing. We therefore hold that this issue has been met fully and properly determined against appellant. The testimony shows there was no basis for expecting trial counsel to inquire to any greater degree than he did into the possible existence of witnesses for the defense whose identities were unknown.

Order affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.