393 A.2d 11
**COMMONWEALTH of Pennsylvania**
v.
**Gary E. GLASCO, Appellant.**
Supreme Court of Pennsylvania.
Submitted April 14, 1978.
Decided Oct. 5, 1978.

David E. Auerbach, Asst. Public Defender, Media, for appellant.

Frank T. Hazel, Dist. Atty., Vram Nedurian, Jr., Asst. Dist. Atty., Media, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

A jury convicted appellant Gary E. Glasco of robbery, burglary, larceny and assault with intent to kill. After denying appellant's post-verdict motions, the court imposed a prison sentence of 5½ to 12 years. Although appellant did not take a direct appeal, he filed a petition seeking post-conviction relief. The Post Conviction Hearing Court denied relief, and the Superior Court affirmed. We granted allocatur and now remand with instructions.*

Appellant claims (1) he is entitled to the benefit of this Court's ruling in *Commonwealth v. Rose,* 457 Pa. 380, 321 A.2d 880 (1974), decided after his trial, which held that a court may not instruct the jury that a defendant has the burden of establishing his intoxication by a preponderance of the evidence; and (2) he was denied effective assistance of counsel. Appellant contends counsel was ineffective in advising appellant to file a Post Conviction Hearing Petition and failing to file a direct appeal; in failing to confer adequately with appellant before trial; and for failing to subpoena certain records and witnesses and present an adequate defense. We remand for appointment of new counsel and therefore do not reach the merits of the issues raised. See *Commonwealth v. Patrick,* 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978).

Appellant has been represented in this case by at least four different counsel, all associated with the Delaware County Public Defender's Office. This Court has held that failure to raise on direct appeal a claim of ineffectiveness of trial counsel does not constitute a waiver where an appellant would be represented on appeal by an attorney from the office with which the allegedly ineffective attorney was associated. See *Commonwealth v. Fox,* supra; cf. *Common-*

---

* We hear this appeal pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965), 1580, § 11, 19 P.S. § 1180-11 (Supp.1978), and the Appellate Court Jurisdiction Act, Act of July 31, 1970, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1978).

*wealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975) (same rule where appellant is represented on appeal by trial counsel alleged to be ineffective). Thus appellant can properly raise a claim of ineffectiveness on collateral attack. We have also held, however, that a PCHA petitioner, represented by court-appointed counsel and alleging ineffective assistance of trial counsel, may not be represented on post-conviction proceedings by an attorney from the office with which the allegedly ineffective attorney was associated. *Commonwealth v. Fox,* supra; *Commonwealth v. Wright,* 473 Pa. 395, 374 A.2d 1273 (1977); *Commonwealth v. Sherard,* 477 Pa. 429, 384 A.2d 234 (1977). In such cases, it cannot "be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled." *Commonwealth v. Fox,* supra, 476 Pa. at 479, 383 A.2d at 200.

■ "While this Court will entertain a claim of ineffective assistance of counsel on appeal by the same attorney who served as trial counsel if reversible error is apparent on the record before us, we will not reject such a claim without a remand for appointment of new counsel." *Commonwealth v. Fox,* supra, 476 Pa. at 479, 383 A.2d at 201. Accordingly, we remand the case for appointment of new counsel, not associated with the Public Defender's Offices of which appellant's prior counsel were members, to represent appellant on his PCHA petition on the issue of ineffectiveness of trial counsel and any other issue not waived or finally litigated. *Commonwealth v. Patrick,* supra; *Commonwealth v. Fox,* supra.

Case remanded for appointment of new counsel.

POMEROY, J., filed a dissenting opinion.

POMEROY, Justice, dissenting.

It is my belief that issues which have been properly preserved at all prior stages and are now before this Court for decision should be resolved before a remand is ordered on an ineffectiveness of counsel claim. This is because "counsel's presumed inability to argue with zeal his own trial

494

mistakes [should not extend] to other issues on appeal which . . . he could argue as effectively as anyone." *Commonwealth v. Gardner,* 480 Pa. 7, 14, 389 A.2d 58, 61 (1978) (Pomeroy, J., dissenting). I therefore dissent from the Court's refusal to reach the retroactivity question in this case.*

* Cf. *Commonwealth v. Lynch,* 477 Pa. 390, 383 A.2d 1263 (1978); *id.,* 477 Pa. at 396, 383 A.2d at 1266 (Pomeroy, J., concurring); *Commonwealth v. Colbert,* 476 Pa. 531, 542, 383 A.2d 490 (1978) (opinion in support of affirmance); *Commonwealth v. Ernst,* 476 Pa. 102, 381 A.2d 1245 (1977) (opinion in support of affirmance).