406 A.2d 1034

**COMMONWEALTH of Pennsylvania**

v.

**William VON SMITH, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 21, 1979.

Reassigned Sept. 21, 1979.

Decided Oct. 23, 1979.

565

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Second Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant seeks relief under the Post Conviction Hearing Act [1] (PCHA) on the ground that he was denied

1. Act of January 25, 1966, P.L. 1580 (1965), §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp. 1978–79).

▉▉▉▉▉▉▉▉▉

effective assistance of counsel at trial.[2]  Appellant bases this claim on the fact that trial counsel failed to timely move for severance.  We agree and reverse the judgment of sentence and order a new trial.

Appellant and co-defendant Westley Smith were charged with aggravated robbery and murder.  They were jointly tried before a jury, found guilty of murder in the first degree and sentenced to life imprisonment.

After the case was called to trial and immediately before the jury was selected, each defendant moved orally for a separate trial.  The trial court denied the motions as untimely in accordance with former Rules 304 and 305 of the Pennsylvania Rules of Criminal Procedure.[3]  Those rules

2.  Appellant filed his first PCHA petition in August, 1976.  The petition did not raise the issue of counsel's failure to timely move for severance.  Counsel, appointed from the public defender's office to represent appellant, advised the court that there was no support for appellant's petition.  The petition was denied without a hearing.  Appellant's second PCHA petition, filed in August, 1977, is the subject of the instant appeal.

We note that appellant did not waive the issue of ineffective assistance of counsel by failing to raise it on direct appeal or in his first PCHA petition.  In *Commonwealth v. Dancer*, this Court held that claims of ineffectiveness may be raised in PCHA proceedings "where petitioner is represented on appeal by his trial counsel, for it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness."  460 Pa. 95, 100, 331 A.2d 435, 438 (1975).  Where, as here, appellant's assigned counsel for his first PCHA petition is a member of the same office that represented appellant at trial, there is no waiver of the ineffectiveness claim.  *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974).  Accord, *Commonwealth v. Glasco*, 481 Pa. 490, 393 A.2d 11 (1978); *Commonwealth v. Bundy*, 480 Pa. 543, 391 A.2d 1018 (1978); *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978); *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977).

This case was reassigned to the writer on September 21, 1979, for the purpose of preparing an opinion expressing the views of a majority of this Court.

3.  Under present Pa. Rules of Criminal Procedure 306 and 307, an "omnibus pretrial motion for relief," which includes a motion for severance, must be filed and served, with certain exceptions, within thirty days after arraignment.

required that a written application for severance be submitted to the 'trial court at least ten days prior to trial.

On direct appeal to this Court, the judgment of conviction was affirmed because there was "no suggestion in the record that the opportunity to file applications for separate trials did not earlier exist or that appellant or his counsel were unaware of the possible grounds for severance." *Commonwealth v. Smith*, 457 Pa. 638, 642–43, 326 A.2d 60, 62 (1974).

■ As we stated in *Commonwealth ex rel. Washington v. Maroney,* the "particular course chosen by counsel [must have] *some reasonable basis* designed to effectuate his client's interests." 427 Pa. 599, 604, 235 A.2d 349, 352 (1957). Here, appellant's right to a separate trial in this homicide case was absolute.[4]

■ Counsel's untimely request for severance reflects a judgment by him that a separate trial would advance the interests of his client. In light of that judgment, there can be no reasonable basis for belatedly seeking this remedy. Hence appellant was denied effective assistance of trial counsel and is entitled to a new trial.

Accordingly, the judgment of sentence is reversed and a new trial is ordered.

LARSEN and FLAHERTY, JJ., file dissenting opinions.

EAGEN, C. J., dissents.

LARSEN, Justice, dissenting.

I dissent.

As a result of the Majority Opinion, defense counsel, in all murder cases involving multiple defendants, will *deliberately*

---

4. See Act of March 31, 1860, P.L. 427, § 40, 19 P.S. § 785 (1964) which provides:

"In all cases in which two or more persons are jointly indicted for any offense, it shall be in the discretion of the court to try them jointly or severally, except that in cases of felonious homicide, the parties charged shall have the right to demand separate trials . . . ." (amended by P.L. 1055, No. 213, § 1, 1976).

*Commonwealth v. Stukes*, 435 Pa. 535, 547, 257 A.2d 828, 833 (1969).

568

delay the filing of a motion for severance until after the time required to file said motion. The lower court will deny the motion because of untimeliness. The defendant, if having been found guilty, is then guaranteed a new trial on the grounds that he received ineffective assistance of counsel.

Our judicial system should not be structured so that a defendant can *automatically* get a new (second) trial because of a strategic move made by defense counsel prior to trial.

I would affirm the judgment of sentence.

FLAHERTY, Justice, dissenting.

Whether appellant's trial counsel was completely unaware of the statutory right to demand a separate trial, or whether, having knowledge of such statutory right, he simply failed to timely move for severance, or whether he indeed had a legitimate reason for not asserting appellant's right to a separate trial, at the time, is unclear from the record. Thus, I believe that a hearing should be held to resolve this question, and would remand to the PCHA court for an evidentiary hearing to determine the question of counsel's effectiveness.