433 A.2d 1349

**COMMONWEALTH of Pennsylvania**

v.

**Westley SMITH, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 18, 1981.

Decided July 10, 1981.

Reargument Denied Sept. 4, 1981.

Marilyn C. Zilli, 1st Asst. Public Defender, for appellant.

Marion E. MacIntyre, 1st Asst. Dist. Atty., William A. Behe Deputy Dist. Atty., for Com.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION

O'BRIEN, Chief Justice.

In October, 1972, appellant, Westley Smith, was convicted by a jury of murder of the first degree and robbery. The convictions arose from an incident where appellant and a co-defendant, William Von Smith, had beaten to death a Harrisburg barber, George Fautz, and had then taken the victim's wallet. Appellant was informed of both his right to file postverdict motions and the right to appeal immediately after the jury had announced its guilty verdicts; the court then sentenced appellant to life imprisonment.

Although co-defendant Von Smith subsequently filed postverdict motions, no such motions were filed on appellant's behalf [1]. In October, 1973, appellant contacted the office of

---

1. At trial, Von Smith was represented by the Dauphin County Public Defender, while appellant was represented by privately retained counsel.

the Public Defender of Dauphin County. Appellant informed the assistant public defender that privately retained counsel had represented him through the post-verdict motions, but that he lacked sufficient funds to pursue an appeal to the Supreme Court. At that time, appellant erroneously believed that postverdict motions had been filed in his case.

The assistant public defender thereafter filed a motion on behalf of appellant seeking the right to appeal *nunc pro tunc*. Appellant alleged that he had understood postverdict motions had been filed, when, in fact, they had not. Appellant contended that private counsel failed to inform appellant that no appeal had been taken. The Commonwealth opposed the motion and submitted an affidavit by trial counsel, which stated that no appeal was filed because appellant had never requested such action. The petition to appeal *nunc pro tunc* was denied by our court in a *per curiam* order of January 15, 1974.

In June, 1980, appellant filed a petition pursuant to the Post Conviction Hearing Act,[2] alleging that he had been denied the effective assistance of trial counsel when counsel failed to file a timely motion to sever appellant's trial from that of his co-defendant. Appellant further alleged that he had been denied his appellate rights. The petition was denied without an evidentiary hearing on October 29, 1980, and this appeal followed.

Appellant now asserts, *inter alia*, that the PCHA court erred in dismissing his petition without a hearing. The Post Conviction Hearing Act provides:

"If a petition alleges facts that if proven would entitle the petitioner to relief, the Court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the Court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full

2. Act of January 25, 1966, P.L. 1580, 19 P.S. § 1180-1 *et seq.*

and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding."

19 P.S. § 1180–9. Instantly, appellant alleges that trial counsel failed to file a timely motion for severance.

■ Prior to selecting the jury, trial counsel orally moved to sever the trials of appellant and his co-defendant. At the time of appellant's trial, there existed an absolute right to be tried individually in all homicide cases. The Legislature provided:

> "In all cases in which two or more persons are jointly indicted for any offense, it shall be in the discretion of the Court to try them jointly or severally, except that in cases of felonious homicide, the parties charged shall have the right to demand separate trials. . . ."

Act of March 31, 1860, P.L. 427, § 40, 19 P.S. § 785, repealed by Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [377]. The trial judge nonetheless denied the request as untimely. Pa. R.Crim.P. 305 stated:

> "Except as provided in these Rules, no pretrial application shall be considered if made less than ten days before trial unless opportunity therefor did not exist or the defendant or his attorney was not aware of the grounds for the application."

There is no question that defense counsel knew of the joint indictments prior to the time that the case was called to trial. The prosecutor noted this fact for the court when he argued against the severance:

> "We would oppose the Defendant's motion first upon the basis that he has known these charges have been lodged against him for some time. He has known that they have all been listed together on the trial list for some time. And now right before the time we are to select the jury he comes in with a Motion to Sever. Your Honor, this should have been taken care of weeks ago."

Trial counsel did not challenge or contradict the district attorney's remarks. Appellant argues that counsel's failure to file a timely motion to sever constitutes ineffective representation and is adequately supported by the record.

Appellant's co-defendant similarly charged his attorney with ineffective representation for failing to file a timely motion for severance. In *Commonwealth v. Von Smith*, 486 Pa. 564, 406 A.2d 1034 (1979), we examined his counsel's representation pursuant to *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1957), to determine if the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. After reviewing counsel's oral motion to sever, we ruled:

"Counsel's untimely request for severance reflect[ed] a judgment by him that a separate trial would advance the interests of his client. In light of that judgment, there can be no reasonable basis for belatedly seeking this remedy. Hence appellant was denied effective assistance of trial counsel. . . ."

Appellant's co-defendant was thus granted a new trial because the exact error as alleged herein was characterized as constitutionally infirm representation.

In light of our holding in *Von Smith*, appellant's assertion of ineffective representation clearly cannot be classified as patently frivolous. In fact, standing alone, it would entitle appellant to a new trial.

■ However, unlike *Von Smith*, this is not the sole issue before us. Herein, appellant was informed on the record of his post-verdict rights. Nonetheless, no post-trial motions or appeal were ever filed. Furthermore, appellant was denied the right to appeal *nunc pro tunc* by this court in 1974. The Commonwealth thus contends that appellant waived his right to file an appeal by failing to request such action in a timely fashion, and that our denial of appellant's appeal *nunc pro tunc* represents a final litigation of any appealable issue.

Our decision to deny appellant's petition was founded on trial counsel's affidavit that appellant did not wish to seek review of his trial. Appellant is now advancing an argument which concerns the ineffectiveness of trial counsel. In *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975), we ruled that claims of ineffective assistance of counsel

which are not raised on direct appeal may be raised for the first time in a PCHA petition where petitioner is represented on appeal by his trial counsel. We observed that these claims are not considered waived because "it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness...." 460 Pa. at 100, 331 A.2d at 438. Likewise, we do not expect trial counsel to inform a defendant of possible ineffectiveness arguments which could be raised in post-trial motions and on appeal. Therefore, this issue was not waived by appellant's failure to pursue a direct appeal.

As we stated above, the failure of trial counsel to petition for a severance in a timely fashion constituted ineffective assistance of counsel. Accordingly, appellant is entitled to a new trial.

Order reversed and case remanded for proceedings consistent with this opinion.

FLAHERTY, J., concurs in the result.

NIX, J., files a dissenting opinion.

LARSEN, J., files a dissenting opinion in which KAUFF-MAN, J., joins.

NIX, Justice, dissenting.

The sole issue raised in this appeal is the propriety of the dismissal of appellant's PCHA petition without a hearing. The PCHA provides that a petition may be denied without a hearing, "if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petition. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was heard at the original trial or at any later proceeding." Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580, 19 P.S. § 1180–9. (Repealed by Act of April 28, 1978, P.L. 202, No. 53, § 2(2) [1397], effective June 27, 1980, as amended by Act of June 26, 1980, P.L. 265, No. 77, § 2, which delayed repeal until June 27, 1981 as further amended by § 1 of Act of June 26, 1981, Act 1981–41).

Where an issue is on the face of the record, either finally litigated or waived under section 4 of the PCHA, 19 P.S. § 1180–4, it is properly deemed to be frivolous under the terms of section 9 of the Act. 19 P.S. § 1180–9. The basic objection being raised in the instant case is appellant's denial of an absolute right of severance. This objection would have obviously been cognizable on direct appeal. However, no direct appeal was taken in this case. Appellant asserted that he was improperly denied his right to appeal. That claim was rejected by this Court. In view of our prior finding in this case, that the right to direct appeal had been effectively waived, any complaint cognizable during a direct appeal has obviously been waived under the terms of section 4. Since that waiver appears on the fact of the record, the court below was correct in concluding that the petition attempting to raise the waived claim was patently frivolous.

The majority seeks to avoid this obvious result by manipulation of the doctrine of ineffective assistance of counsel. Certainly it is true that an ineffectiveness of assistance claim is not waived because it is not raised in a proceeding wherein the appellant is being represented by the counsel whose ineffectiveness is charged. *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). However, this principle of law has no applicability to the instant case.

Here this Court has previously determined that there was an effective waiver of appellate review of potential complaints. That decision stands as the law in this case. In that proceeding appellant was in fact represented by counsel other than trial counsel. Thus any ineffectiveness of trial counsel could have been urged as a basis in support of the request for appellate review *nunc pro tunc*.

It is therefore clear, in my judgment, that the effect of the majority's ruling today is an implicit overruling of our prior determination in this matter. Such a practice is clearly at variance with the longstanding jurisprudence of this Commonwealth.

LARSEN, Justice, dissenting.

I dissent for the reasons expressed in my dissenting opinion in *Commonwealth v. Von Smith*, 486 Pa. 564, 406 A.2d 1034 (1979) (Larsen, J., dissenting).

KAUFFMAN, J., joins in this dissenting opinion.