460 A.2d 1101
COMMONWEALTH of Pennsylvania, Appellee,

v.

Jerome BOYKIN, Appellant.

Supreme Court of Pennsylvania.

Submitted April 18, 1983.

Decided June 10, 1983.

Margaret M. Boyce (court-appointed), Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Gaele McLaughlin, Barthold, Asst. Dist. Attys., Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On March 2, 1977, appellant and co-defendant Reginald Sanford were tried before a jury which acquitted appellant of burglary, criminal conspiracy and robbery. The jury was unable to reach a verdict for appellant on the charges of rape (two counts) and involuntary deviate sexual intercourse (two counts). Accordingly, on April 5, 1977, a second trial took place, the subject of this appeal, in which appellant was retried on those charges, together with his former co-defendant and two new co-defendants, the latter two being still chargeable with various counts of robbery, burglary and conspiracy in addition to rape and involuntary deviate sexual intercourse. All charges against all defendants arose from the same criminal episode. At the conclusion of the second trial, appellant was found guilty of two counts of rape and one count of involuntary deviate sexual inter-

course. Motions for new trial and in arrest of judgment were denied and appellant was sentenced on each of the two rape convictions to a period of not less than 10 years, nor more than 20 years, sentences to run concurrently.

Judgment of sentence was affirmed by Superior Court which determined that trial counsel was not ineffective in failing to timely present a motion to sever appellant's trial from that of his co-defendants who were subject to proof of crimes of which appellant had been previously acquitted. *Commonwealth v. Boykin,* 276 Pa.Superior Ct. 56, 419 A.2d 92 (1980). We granted allocatur (Larsen, J. dissenting) to address this issue and, for the reasons that follow, reverse the order of the Superior Court and remand for a new trial.

Immediately prior to commencement of voir dire, trial counsel orally moved to sever the trial of appellant from that of his co-defendants. Because former Pa.R.Crim.P. 305 required that pre-trial applications be made at least 10 days prior to trial, the motion was denied as untimely without consideration of the merits. We are unable to conclude that a motion to sever would have been without merit, and thus we must consider whether counsel had a "reasonable basis," designed to effectuate his client's interests, for not making the motion in timely fashion, *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). We perceive no potential benefit to be derived from a trial consolidating the remaining charges against appellant with the full list of charges against his co-defendants. Conversely, because appellant's case may have benefited substantially from severance and because making such a motion does not eliminate or put at risk any available alternative, there cannot be said to be any reasonable basis for counsel's failure to move to sever the trial of appellant from that of his co-defendants.

Recently, this Court addressed an identical charge of ineffectiveness of counsel in *Commonwealth v. Smith,* 495 Pa. 362 433 A.2d 1349 (1981), where the defendant, charged with homicide, then had a statutory right to be tried individually, Act of March 31, 1860, P.L. 427, § 40, 19 P.S. § 785,

*repealed* Act of April 28, 1978, P.L. 202, No. 53, § 2(a) [377]. In addressing the inquiry whether counsel's course of not moving to sever his client's case from that of his co-defendant, had some reasonable basis designed to effectuate his client's interests, this Court relied upon the following from *Commonwealth v. Von Smith,* 486 Pa. 564, 406 A.2d 1034 (1979): "Counsel's untimely request for severance reflect[ed] a judgment by him that a separate trial would advance the interests of his client. In light of that judgment, there can be no reasonable basis for belatedly seeking this remedy. Hence appellant was denied effective assistance of trial counsel . . . . " In addition, because the likelihood of success of a timely motion to sever was assured due to the statutory right to be tried individually, counsel's representation was deemed to be constitutionally infirm.

Here, while appellant did not have a statutory right to an individual trial as in *Smith, supra,* we can see no advantage to the appellant being tried along with others where evidence of crimes, of which he could not be legally culpable due to his prior acquittal, would be admitted. Indeed, counsel made, albeit untimely, such a motion. What we said in *Smith, supra,* "there can be no reasonable basis for belatedly seeking this remedy . . .," is applicable to the case. Obviously, the untimely motion to sever cannot have been grounded upon any reasonable basis to effect appellant's interests.

Reversed and remanded for new trial.

LARSEN, J., files a dissenting opinion in which McDERMOTT and HUTCHINSON, JJ., join.

LARSEN, Justice, dissenting.

I dissent for the following reasons expressed in my dissenting opinion in *Commonwealth v. Von Smith,* 486 Pa. 564, 406 A.2d 1034 (1979) (Larsen, J. dissenting):

... Defense counsel, in all murder cases involving multiple defendants, will deliberately delay the filing of a motion for severance until after the time required to file

said motion. The lower court will deny the motion because of untimeliness. The defendant, if having been found guilty, is then guaranteed a new trial on the grounds that he received ineffective assistance of counsel.

Our judicial system should not be structured so that a defendant can automatically get a new (second) trial because of a strategic move made by defense counsel prior to trial.

McDERMOTT and HUTCHINSON, JJ., join in this dissenting opinion.