483 A.2d 959

**COMMONWEALTH of Pennsylvania**

**v.**

**Harry PHILLIPS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 30, 1983.

Filed Nov. 2, 1984.

Harry Phillips, in propria persona.

Thomas F. Morgan, Dist. Atty., Clearfield, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and POPOVICH, JJ.

WICKERSHAM, Judge:

A warrant of arrest was issued against appellant, Harry Phillips, on charges of Burglary, Theft by Unlawful Taking and Receiving Stolen Property. Phillips was held in the Clearfield County Jail pending trial and he escaped from the County Jail and was arrested on September 9, 1974 on a charge of escape. He waived indictment by the Grand Jury and was once again placed in the Clearfield County Jail to await trial. On October 3, 1974, the Appellant, represented by counsel, Barry P. Tumpson, Esquire, entered a plea of guilty to the Burglary and Escape charges in accord with a negotiated plea agreement. Sentencing was scheduled on October 30, 1974, at which time Phillips, through his counsel, requested that the pleas of guilty be withdrawn. The request was granted, and the Appellant was held pending the next term of criminal court. Subsequent to the entry of

his plea of guilty on October 3, 1974, Phillips was arrested on additional charges of Burglary, Theft by Unlawful Taking and Receiving Stolen Property. Appellant entered into a negotiated plea agreement with regard to all of the above charges and was sentenced on December 10, 1974. The terms of the plea bargain and sentence were that Appellant would receive a term of incarceration of 3½ to 7 years on the Escape charge, 1 to 2 years on each of the Burglary charges and 6 to 12 months on the Criminal Trespass charge. All sentences to be served concurrently. Phillips on June 2, 1975 then filed a petition seeking reconsideration of the sentences which had been imposed. Following hearing held July 11, 1975, the Court denied the requested reconsideration by Order dated October 14, 1975. Appellant on November 19, 1975 filed a petition seeking relief under the Post Conviction Hearing Act.[1] John Sughrue, Esquire, Public Defender, was appointed to represent the Appellant, and a hearing was held on January 21, 1976. By Order of Court dated January 22, 1976, the petition was denied and Appellant filed an appeal. In *Commonwealth v. Phillips*, 248 Pa.Super. 400, 375 A.2d 158 (1977) we affirmed the Order of the lower court.

On January 9, 1981, Phillips filed a second petition seeking relief under the Post Conviction Hearing Act. The Court of Common Pleas of Clearfield County by Order dated January 25, 1982 denied the relief requested without a hearing, and this appeal was taken.

Appellant states the first issue as follows:

1. Whether appellant's post conviction hearing act petition was properly denied without hearing and appointment of counsel?

Brief for Appellant at 2.

We agree with appellant that his petition was improperly denied; therefore, we will reverse and remand for appointment of counsel.

1. 42 Pa.C.S.A., §§ 9541–9551, Act of May 13, 1982, P.L. 417, No. 122, § 2.

The lower court denied appellant's petition on the basis that the issues either had been previously litigated or had been waived by failure to assert them at an earlier opportunity (i.e., in his first PCHA hearing).

The lower court found that some of the allegations raised in appellant's petition concerning the validity of his guilty plea were previously resolved against him in his first post conviction proceeding. While this is true, a review of the record indicates that in this appeal, appellant has abandoned those issues that were previously litigated. None of the issues raised in appellant's brief have been finally decided; thus, they are cognizable in this appeal.

We also find that none of the issues stated by appellant are waived. Essentially, appellant's brief raises two assignments of error in the original trial court proceedings against him: (1) a defective guilty plea colloquy, and (2) denial of his right to formal arraignment. These assignments of error are stated as issues three and four in his appellate brief.[2] Appellant's issue two alleges that his guilty plea counsel was ineffective in failing to challenge the defects in the colloquy and the denial of his right to formal arraignment, and that his first post conviction proceeding counsel was ineffective in failing to challenge prior counsel's effectiveness as to these claims.[3] These issues are not waived. In *Commonwealth v. Von Smith*, 486 Pa.

---

3. Whether appellant's guilty pleas were knowingly and voluntarily entered when the record fails to demonstrate that he was advised of the nature of the charges against him and the essential elements of his right to a jury trial?
4. Whether appellant was denied due process of law when he was denied his right to a formal arraignment of the charge of escape, as required by Pennsylvania Rules of Criminal Procedure 303(a)?
Brief for Appellant at 2–3.

3. Appellant states issue two as follows:
2. Whether the assistance of trial and post conviction counsel who were from the same public defender's office was constitutionally effective when they failed to challenge the defects in the guilty plea colloquy, and appellant's right to formal arraignment?
Brief for Appellant at 2.

564, 406 A.2d 1034 (1979), the Pennsylvania Supreme Court stated:

[A]ppellant did not waive the issue of ineffective assistance of counsel by failing to raise it on direct appeal or in his first PCHA petition. In *Commonwealth v. Dancer,* this Court held that claims of ineffectiveness may be raised in PCHA proceedings "where petitioner is represented on appeal by his trial counsel, for it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness." 460 Pa. 95, 100, 331 A.2d 435, 438 (1975). Where, as here, appellant's assigned counsel for his first PCHA petition is a member of the same office that represented appellant at trial, there is no waiver of the ineffectiveness claim.

*Id.,* 486 Pa. at 566 n. 2, 406 A.2d at 1035 n. 2.

Instantly, appellant's guilty plea counsel and his first PCHA counsel were members of the same public defender's office. Thus, his claims are not waived.

Furthermore, appellant has proceeded *pro se* both in his second PCHA proceeding and in this appeal. "[A] court cannot dismiss a petition summarily without appointment of counsel on grounds that the issues sought to be raised have been waived." *Commonwealth v. Miller,* 325 Pa.Super. 163, 166, 472 A.2d 698, 700 (1984). *Accord, Commonwealth v. Wallace,* 322 Pa.Super. 157, 469 A.2d 230 (1983). Since the issues raised in appellant's second PCHA petition were not finally determined in prior proceedings, the post conviction court erred in dismissing the petition summarily without appointing counsel. *Miller, supra.* Upon remand, appointed counsel shall be permitted to file an amended PCHA petition and shall represent appellant in an evidentiary hearing if such a hearing is deemed necessary. *Commonwealth v. Moyer,* 329 Pa.Super. 282, 478 A.2d 469 (1984).

Reversed and remanded. Upon remand, we instruct the lower court to appoint counsel to represent appellant. Jurisdiction is not retained.