J-A21029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALIK WOODS | : | |
| | : | |
| Appellant | : | No. 3826 EDA 2017 |

Appeal from the PCRA Order November 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004555-2010,
CP-51-CR-0006164-2010

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 20, 2018**

Appellant, Malik Woods, appeals from the November 20, 2017 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On December 12, 2009, Joseph Kelsey ("Kelsey") purchased marijuana from William Duval ("Duval").  Less than one hour later, Appellant and Kelsey, who were both armed, confronted Duval about the drug transaction.  A struggle ensued during which Duval was shot and killed.

Appellant and Kelsey were jointly tried for Duval's murder.  During trial, the jury heard a redacted version of Kelsey's statement to police.  In that statement, Kelsey told police that Appellant shot Duval.  At trial, however, all references to Appellant were replaced with generic references to an "other guy."  On February 25, 2014, Appellant was convicted of second-degree

J-A21029-18

murder,[1] robbery,[2] solicitation to commit murder,[3] conspiracy to commit robbery,[4] carrying a firearm without a license,[5] carrying a firearm on the streets of Philadelphia,[6] possessing an instrument of crime,[7] and retaliating against a witness.[8] The trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal. *Commonwealth v. Woods*, 122 A.3d 1133, (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 128 A.3d 1207 (Pa. 2015).

On March 23, 2016, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On September 13, 2017, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary

---

[1] 18 Pa.C.S.A. § 2502(b).

[2] 18 Pa.C.S.A. § 3701(a)(1)(i).

[3] 18 Pa.C.S.A. §§ 902, 2502.

[4] 18 Pa.C.S.A. §§ 903, 3701.

[5] 18 Pa.C.S.A. § 6106(a)(1).

[6] 18 Pa.C.S.A. § 6108.

[7] 18 Pa.C.S.A. § 907(a).

[8] 18 Pa.C.S.A. § 4953(a).

- 2 -

hearing. *See* Pa.R.Crim.P. 907. On November 21, 2017, the PCRA court dismissed the petition. This timely appeal followed.[9]

Appellant presents two issues for our review:

1. Did the PCRA Court err in dismissing Appellant's PCRA [p]etition without a hearing because trial counsel was ineffective for failing to file and litigate a motion *in limine* to exclude . . . [Kelsey's statement] and for failing to object to its admission because it remained powerfully incriminating despite redaction?

2. Did the PCRA Court err in dismissing Appellant's PCRA [p]etition without a hearing because trial counsel was ineffective for failing to request a separate trial for Appellant?

Appellant's Brief at 4.

"When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Jordan**, 182 A.3d 1046, 1049 (Pa. Super. 2018) (citation omitted). Both of Appellant's issues relate to his trial counsel's alleged ineffectiveness.

"[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Simpson**, 112 A.3d 1194, 1197 (Pa. 2015) (cleaned up). "Counsel is presumed to have been

---

[9] Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

effective." ***Commonwealth v. Andrews***, 158 A.3d 1260, 1263 (Pa. Super. 2017). To prevail on an ineffective assistance of counsel claim, a petitioner must plead and prove that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1158 (Pa. Super. 2018) (citation omitted). "A petitioner's failure to satisfy any prong of this test is fatal to the claim." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citation omitted).

In his first issue, Appellant argues that trial counsel was ineffective for failing to file a motion to suppress Kelsey's statement. According to Appellant, Kelsey's statement was inadmissible pursuant to ***Bruton v. United States***, 391 U.S. 123 (1968) and its progeny. In ***Bruton***, the Supreme Court of the United States "held that a non-testifying co-defendant's confession implicating another defendant in the charged offense is inadmissible against the defendant because it violates his Sixth Amendment right to confront and to cross-examine witnesses testifying against him." ***Commonwealth v. Freeman***, 128 A.3d 1231, 1239 n.3 (Pa. Super. 2015) (citation omitted).

"Following **Bruton**, the [Supreme Court of the United States] has approved redaction and a limiting instruction as a means of eliminating the possible spillover prejudice arising from the admission of a non-testifying co-defendant's confession against that co-defendant at a joint trial." **Commonwealth v. Daniels**, 104 A.3d 267, 294 (Pa. 2014), *citing* **Richardson v. Marsh**, 481 U.S. 200 (1987).[10]

As Appellant concedes, our Supreme Court and this Court have approved references to "the other guy" in place of a co-defendant's name in a confession. **See** Appellant's Brief at 22 (collecting cases). Nonetheless, Appellant relies on cases from the early 1990s and 1970s, along with recent federal cases, to argue that Kelsey's statement was inadmissible because it contextually implicated him in Duval's murder. In other words, he contends that the redactions, combined with other evidence, left the unmistakable impression that he was "the other guy" referenced in Kelsey's statement. This argument fails because, unlike the United States Court of Appeals for the Third Circuit, our Supreme Court has distinguished the use of "the other guy" in

_____

[10] As our Supreme Court recognized in **Daniels**, its **Bruton** jurisprudence departs from that of the United States Court of Appeals for the Third Circuit. **See Daniels**, 104 A.3d at 294; **see also Rainey v. Sec'y Pennsylvania Dep't of Corr.**, 658 F. App'x 142, 151 (3d Cir. 2016). It is axiomatic that we are bound by our Supreme Court's decisions and not those of the United States Court of Appeals for the Third Circuit. **See Daniels**, 104 A.3d at 294. Hence, we focus our analysis on decisions by our Supreme Court and this Court.

confessions from the use of a blank space that the Supreme Court of the United States considered in **Gray v. Maryland**, 523 U.S. 185 (1998).

After **Gray**, our Supreme Court held that even when other evidence at trial, considered together with a redacted co-defendant's confession, clearly implicates a defendant, the circumstances are insufficient to warrant suppression under **Bruton**. **Commonwealth v. Rainey**, 928 A.2d 215, 227-228 (Pa. 2007); **but see** n.10 **supra** (Third Circuit found this was a misapplication of clearly established federal law). This Court has followed our Supreme Court's precedent and held that "there is no **Bruton** violation when the accused is linked to the crime with other properly admitted evidence other than the redacted confession; it is a permissible instance of contextual implication." **Commonwealth v. James**, 66 A.3d 771, 777 (Pa. Super. 2013), *appeal denied*, 77 A.3d 636 (Pa. 2013) (cleaned up).

When determining if contextual implication violates a defendant's rights, we must consider "the potential prejudice to the defendant versus the probative value of the evidence, the possibility of minimizing the prejudice, and the benefits to the criminal justice system of conducting joint trials." **Rainey**, 928 A.2d at 228. For the reasons explained **infra**, there was little risk of prejudicing Appellant by admitting Kelsey's statements and the benefits of a joint trial were significant. Hence, pursuant to our Supreme Court's current decisional law, Appellant's underlying **Bruton** claim lacks arguable

merit and he is not entitled to relief on his first claim of ineffective assistance of counsel.

In his second issue, Appellant argues that trial counsel was ineffective in failing to file a motion to sever. According to Appellant, his counsel should have sought to have him tried separately from Kelsey. We conclude that Appellant's underlying claim lacks arguable merit and, therefore, he is not entitled to relief on this claim of ineffectiveness.

Severance of defendants is governed by Pennsylvania Rule of Criminal Procedure 583, which provides that, "The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 583. When considering a motion to sever, a trial court should consider the following factors:

> (1) whether the number of defendants or the complexity of the evidence as to the several defendants is such that the trier of fact probably will be unable to distinguish the evidence and apply the law intelligently as to the charges against each defendant; (2) whether evidence not admissible against all the defendants probably will be considered against a defendant notwithstanding admonitory instructions; and (3) whether there are antagonistic defenses.

**Commonwealth v. Brookins**, 10 A.3d 1251, 1256 (Pa. Super. 2010), *appeal denied*, 22 A.2d 1033 (Pa. 2011) (cleaned up).

It is well-settled that "joint trials are preferred where conspiracy is charged." **Commonwealth v. Cole**, 167 A.3d 49, 57 (Pa. Super. 2017), *appeal denied*, 186 A.3d 370 (Pa. 2018) (cleaned up). Moreover, the

"potential prejudice to a defendant from the use of non-testifying co-conspirators' statements must be balanced against the demands of judicial economy and desire for verdict consistency." ***Commonwealth v. Oliver***, 635 A.2d 1042, 1044 (Pa. Super. 1993).

In this case, there were only two defendants and the complexity of the evidence as to the two defendants was low. Hence, the jury could easily distinguish the evidence and apply the law intelligently as to both Appellant and Kelsey. Thus, the first factor weighed against severance.

As to the second factor, Appellant faced minimum prejudice from the admission of Kelsey's statement. Appellant, in his statement to police, admitted that he was present during the murder. The evidence that Appellant was armed at the time of Duval's murder and the evidence regarding the robbery of Duval would also have been admissible if Appellant's trial were severed from Kelsey's trial. Hence, the only portion of Kelsey's statement that was not cumulative was that portion alleging that Appellant shot Duval. The person that shot Duval, however, was immaterial to Appellant's second-degree murder conviction. If Appellant conspired with Kelsey or participated in the robbery as either a principal or accomplice, and Duval was murdered during that robbery, Appellant was guilty of second-degree murder. All of the evidence related to Appellant's participation in the robbery would have been admissible at a separate trial for Appellant and the evidence that Appellant

was present at the time of the murder would have also been admissible at a separate trial.

Thus, this case is distinguishable from **Commonwealth v. Boykin**, 460 A.2d 1101 (Pa. 1983). In that case, our Supreme Court held that trial counsel was ineffective for failing to seek severance because the defendant would have benefited substantially from severance. **Id.** at 1103. In this case, defendant would not have benefited substantially from severance.

As to the third factor, Appellant's and Kelsey's defenses were not so antagonistic as to cause prejudice. Appellant argued that Kelsey shot Duval while Kelsey argued that Appellant shot Duval. There was no other portion of Kelsey's defense that was antagonistic to Appellant's defense. Our Supreme Court has held that defendants pointing fingers at each other is insufficient antagonistic defenses to warrant separate trials. **See Commonwealth v. King**, 721 A.2d 763, 771 (Pa. 1998), *citing* **Commonwealth v. Lambert**, 603 A.2d 568, 573 (Pa. 1992).

As in **King**, "the following factors militated in favor of a joint trial: Appellants were charged with conspiracy; the majority of the crimes charged were the same; the circumstances giving rise to the crimes were identical with respect to both defendants; and the witnesses necessary to prove the crimes were the same." **King**, 721 A.2d at 771. The prejudice Appellant faced from introduction of Kelsey's statement was low. Hence, severance was not appropriate under Rule 583. Accordingly, Appellant's underlying claim lacks

arguable merit and counsel was not ineffective for failing to file a severance motion.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/20/18